## MAYNARDS *vs.* CORNWELL.

The act to authorize proceedings against garnishees (*S. L.* 1849, 153,) being in derogation of the common law, must be strictly construed.

Upon the trial of a suit against a garnishee, proof of the admissions or declarations of the garnishee as to his indebtedness to or possession of property of the plaintiffs' debtor, is inadmissible.

Case reserved from Washtenaw Circuit.

The plaintiffs commenced a suit before a Justice against the defendant as garnishee of one Phœbe Goodall. On the return day of the summons the parties appeared, and the defendant answered on oath. Subsequently a summons to show cause was issued against the defendant, which was duly returned personally served, and on the return day the parties appeared. Plaintiffs declared against defendant in trover fro fifty dollars' worth of gold, and also for money had and received. The defendant plead the general issue with notice of special matter. The issue was tried before the Justice, and judgment rendered, from which an appeal was taken, and tried at the Washtenaw Circuit without jury. On the trial the plaintiffs offered to prove the admission of the defendant made to the constable at the time the garnishee summons was served, that he had in his possession fifty dollars in gold belonging to said Phœbe Goodall. This proof was objected to, and the Court excluded the testimony, to which ruling the plaintiffs' counsel excepted. The plaintiffs submitted to a nonsuit, with leave to move to set it aside. And upon the motion to set aside said nonsuit and for a new trial for the rejection of said testimony, the question whether such evidence was improperly rejected, was reserved for the opinion of the Supreme Court.

*Colman & Root*, for plaintiffs in error, contended that the statute gave the plaintiffs in this suit all the rights and privileges as against the garnishee, which could have appertained

Maynards *vs.* Cornwell.

to Mrs. Goodall had she brought the suit. (*Sess. L.* 1849, 154–5, § 10; *Ib.* § 19, 156.) That as she, in a suit by her to recover the property or money held by the garnishee, could prove his admission as to such possession, so the plaintiff here could show the same admissions.

*J. M. Walker*, for defendant in error.

This being a statutory proceeding, the provisions of the law creating the remedy must be construed strictly, and their operation cannot be extended beyond the language of the act, unless the Legislature failed to give expression to their intention. If the statute points out the mode in which the plaintiff shall bring his action and substantiate his claim, he may do it in that mode and not otherwise. (1 *Mann. Mich. R.* 194.)

Our statute differs in no material respect from the trustee law of Massachusetts. In Comstock *vs.* Farnum *et al.*, 2 Mass. 96, C. J. Parsons says: "The question, whether the person summoned as trustee shall be held or not, is always decided by the facts disclosed in the trustee's answer. This appears to be the contemplation of the statute, and collateral evidence has never been admitted." The same point was so ruled in Barker *vs.* Taber & Trustee, 4 Mass. 81; Stackpole *vs.* Newman *et al.*, Ib. 85; and in Whitman *vs.* Hunt, Ib. 272.

In Crossman *vs.* Crossman & Trustee this precise question came before the Court, and Morton, J., says, "The plaintiff may put interrogatories calculated to elicit facts which may tend to charge him, but cannot ask questions to discredit his disclosures. He is bound to take his statements under oath as truth. He cannot cross-examine him, *and what the trustee may have told other persons or said on other occasions is immaterial, and not a proper subject of inquiry.*" (*Hawes* vs. *Langton*, 8 *Pick.* 67; *Minchin* vs. *Moore & Tr.*, 11 *Mass.* 90; *Kelly* vs. *Bowman & Tr.*, 12 *Pick.* 383; *Smith* vs. *Stearns*, 19 *Pick.* 20; *Bickford* vs. *The Boston & Lowell R. R. Co.*, 21 *Pick.* 109.

By the Court, Martin, J.

The act to authorize proceedings against garnishees, (*S. L. of* 1849, *p.* 153,) is in derogation of the common law, and must be strictly construed. It authorizes the plaintiff in any action before a justice of the peace founded upon contract or judgment, or decree, or after the rendition of judgment in any case, upon making and filing with such justice an affidavit stating that he has good reason to believe, and does believe, that any person (naming him) has property, money or effects in his hands, or under his control, belonging to the defendant in such suit, judgment or decree, or that such person is indebted to such defendant, to have a summons against such person requiring him to appear before him and answer under oath, all questions put to him touching his indebtedness to such defendant, and the property, money and effects of the defendant in his possession, within his knowledge or under his control—and such garnishee is entitled to the same fees as he would be if he was subpoenaed as a witness in such case. The effect of such summons is to render the person so summoned liable from the time of its service, to the plaintiff in such suit, to the amount of the property, money, and effects in his hands or possession, or under his control, or due from him to the defendant in such suit. Upon the appearance of such garnishee before the justice, the plaintiff may examine him on oath or otherwise, as the plaintiff may elect, touching the matters alleged in the affidavit, and the justice is required to take minutes of such examination, and file the same with the other papers in the case. Upon closing the examination, if the suit be pending and undetermined between the plaintiff and defendant, the cause against such garnishee shall be continued, but not adjourned to any day certain; and after the determination of such suit between the plaintiff and defendant, if the plaintiff have judgment, a second summons shall issue against the gar-

nishee, commanding him to appear *and show cause why a judgment should not be rendered against him.* In cases where the garnishee has been so summoned, as well as when a judgment had been rendered before garnishee proceedings, the plaintiff may declare against the garnishee for the property, money and effects above mentioned in trover, or if the garnishee be indebted to the defendant for moneys had and received, or if the garnishee shall have property, money and effects of the defendant in his possession, and shall also be indebted to the defendant, the plaintiff may declare in trover and add thereto a count for moneys had and received, and the garnishee may plead thereto, and issue may be joined and tried, as if the defendant had brought such suit against the garnishee for the matters set forth in such declaration, and either party shall be entitled to an appeal, or other process, as in other cases. If the plaintiff fail to recover judgment against the defendant when garnishee proceedings are commenced before judgment, or if the defendant pay the judgment, *or stay the execution,* the proceedings against the garnishee shall be deemed discontinued.

The garnishee proceedings are ancillary to the suit or judgment under which they are prosecuted. The garnishee upon his examination stands in the attitude of a witness for the plaintiff, and is by statute entitled to fees as a witness. He is required to disclose in response to the affidavit, whether he has property of the defendant, or is indebted to him. If from his answers, it appears that neither is the case, all proceedings against him are at an end as effectually as they are discontinued by a failure of the plaintiff to obtain a judgment, or by payment or stay of execution. This is necessarily so, from the nature of the remedy. The garnishee is required to answer touching the property of the defendant in his possession or under his control, and also, as to his indebtedness. Without such answer, no further proceedings can be had, and upon such answer in proper time, a summons to

show cause issues. The declaration under such second summons, if for property in the garnishee's hands, must be predicated upon his disclosures, and if upon his indebtedness to the defendant, it is equally so. Such is the fair and legitimate construction of the language respecting the declaration. If such proceedings might be prosecuted without such examination, or after a full denial by the garnishee of his possession of property of the defendant, or of indebtedness, we must regard the requirements of the act respecting the first. summons and the examination, as meaningless. They could only serve to entrap the garnishee, and work the grossest injustice to all parties, and be of no practical use in the further prosecution of the suit. Such an absurdity was never contemplated by the Legislature.

But it is urged that the provisions of the act relative to the plea of the defendant, the joining of issue, and trial of the cause, show the intention of the Legislature was, that such action should be tried as an original cause. The whole act must be looked into to determine the meaning of these provisions, and they must receive a construction consistent with the rights of parties, and the object sought to be obtained. It was never the intention of the law to substitute the creditor for the defendant in any suits he might choose to bring against imaginary debtors of such defendant. An indebtment must be shown to exist in order to authorize such substitution, and by the provisions of the act this can only appear upon examination of the garnishee. There may be such a disclosure by the garnishee as will render a further inquiry necessary, and an adjudication to determine his liability, or its extent, as well as to protect him against subsequent litigation, but the present case does not involve that question.

The garnishee by his examination is made the witness of the plaintiff, his testimony furnishes the foundation for the subsequent proceedings, and they cannot be prosecuted independently of them. As such, his answers, when pertinent,

must be taken as true, and upon general principles he cannot be impeached. The examination of the garnishee, as it is the foundation of the subsequent proceedings, cannot be dispensed with upon the trial. It is upon that, that he is primarily liable, and upon its introduction, if a liability is disclosed, the burthen is upon him to show cause why the plaintiff should not have judgment. This he may do under the issue, in the manner provided by the statute, and this is all the act contemplated.

It must therefore be certified to the Circuit Court for the County of Washtenaw, as the opinion of this Court, that there was no error in the rejection of the testimony of the witness, Nelson B. Nye.