LYMAN S. WILSON v. ORANGE A. BARTHOLOMEW, GARNISHEE OF GEORGE R. LOOMIS.

*Certiorari to review garnishment proceedings—Exemption from process in garnishment.*

Garnishment proceedings may be brought up from before a justice on a writ of *certiorari* sued out by the defendant in the principal case, if the latter's rights are cut off without his having an opportunity for a hearing.

Property exempt from execution is also exempt, at the election of the debtor, from process in garnishment.

The constitutional policy of exemptions is liberally construed by the courts.

Error to Hillsdale. Submitted October 28. Decided November 10.

GARNISHMENT. Plaintiff brings error. Affirmed.

*Shepard & Fowle* for plaintiff in error.

*S. D. McNeal* for defendant in error. Property exempt from execution cannot be reached by garnishment process. Drake on Attachment (4th ed.) § 480; *Davenport v. Swan* 9 Humph. 186; *Staniels v. Raymond* 4 Cush. 314.

GRAVES, J. Wilson in 1869 recovered a judgment before a justice of the peace against George R. Loomis for $15.30 damages and $1.85 costs. On the 2d of December, 1879, and more than two and a half years later, Wilson proceeded on the basis of this judgment debt to garnish Bartholomew. The latter appeared and disclosed that he had in his barn a mare belonging to the principal defendant and worth not to exceed $40 in his opinion. Certain other proceedings occurred which do not seem important now. The usual summons to show cause was issued and Bartholomew regularly appeared pursuant to it, and issue was joined in accordance with the statute.

In the course of the hearing it appeared conclusively that the mare of Loomis in Bartholomew's possession was exempt property. But the justice, being of opinion that the right of exemption was repudiated by the law of garnishment, rendered judgment against Bartholomew for $22.46 damages and $5.58 costs. Thereupon Loomis, the principal debtor, proceeding in his own name and apparently in his own, behalf, made affidavit to procure a *certiorari* from the circuit court, and the writ was issued and return made thereto. The plaintiff in error resisted the case in that court on the ground that it was not competent for Loomis to prosecute the statutory *certiorari* in his own name and on his own account to review the judgment given against Bartholomew, and that *certiorari* at common law was wholly inapplicable. The circuit court however continued to entertain the case and finally reversed the judgment of the justice and awarded costs in favor of Loomis against Wilson.

It may be that the proceeding could not be supported as a statutory *certiorari*. But we are not bound to consider that question. It cannot be maintained that the legal rights of Loomis were liable to be cut off by the decision of the justice in a case between others and without his having an opportunity to be heard. The circuit courts are empowered to issue the writ of *certiorari* for the purpose of controlling the proceedings of inferior courts (Const. art. vi, § 8) where that remedy is deemed appropriate, and in a case having a close

analogy and not fairly distinguishable in principle we sustained the writ as one at common law (*Thompson v. School District No. 6 of Crockery* 25 Mich. 483); and in the later case of *Campau v. Button* we considered that it was enough in respect to his interest to entitle one to prosecute the writ, that he had rights subject to be injuriously affected unless he was allowed to move on his own account.    33 Mich. 525.

We think the maintenance of the writ was warranted by principles well settled in this State.    It appears from the return made by the justice, of the evidence and in answer to the fifth allegation of error,* that he recognized as proved that the mare was exempt property within the meaning of the statute prescribing what shall be exempt, and that in substance and effect he so found, and that he went on the assumption that there remained only the question of law whether the statutes giving this remedy did not exclude the right.    He thought they did.    The plaintiff in error declines to defend this view and we think wisely.    We entertain no doubt that a debtor's property which is exempt from execution, is also exempt from garnishee process at the election of the debtor.    The provisions of the law concerning garnishment contemplate such immunity (§§ 6455, 6458, 6459) and even go further and allow exemption of a money indebtedness of $25 in certain cases.    § 6440.

The policy of exemption is marked down in the Constitution and so far from being blind to it the courts have felt it to be their duty to give it a liberal exposition.    The ruling made by the justice raised a question of law capable of revision.

We think no error is shown and the judgment of the circuit court must be affirmed with costs.

The other Justices concurred.

---

* The fifth allegation of error was:
"5th.    The justice erred in rendering a judgment against said Orange A. Bartholomew, because the evidence in the case did not warrant it, as the undisputed testimony shows that the mare in question in the possession of said garnishee was the property of the defendant George R. Loomis, and was exempt from execution."