CHRISTOPHER CRISP v. THE FORT WAYNE & ELMWOOD
RAILWAY COMPANY.

*Garnishment—Exemption of wages—Payment into court—Liability
of garnishee.*

Where wages are garnished, and the employer, at the close of his
    examination as garnishee, which discloses an indebtedness to
    the principal defendant for personal labor, but is silent as to
    whether he is a householder, pays the amount admitted to
    be due to the justice, under How. Stat. § 8037, which permits

such payment except as to the $25 exemption allowed the principal defendant by How. Stat. § 8032, where he is a householder having a family, such payment is made at the peril of the garnishee defendant, and the principal defendant, unless estopped from asserting such a claim, may recover from the garnishee defendant the indebtedness due him at the time of the service of the writ of garnishment, not exceeding the amount of the exemption.[1]

Error to Wayne. (Hosmer, J.)   Argued October 25, 1893.   Decided February 12, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The fact are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for appellant, contended:

1. The principal defendant has a right to appear and defend in the garnishment proceeding; citing *Wilson v. Bartholomew,* 45 Mich. 41; and he should be admitted to make the defense of exemption; citing *Chilcote v. Conley,* 36 Ohio St. 545; *Curran v. Fleming,* 76 Ga. 98; and the garnishee defendant exonerated itself from liability by payment into court; citing *Melton v. Railroad Co.,* 39 Mo. App. 194; and, if the principal defendant has failed to assert his rights promptly when notified, he has no redress; citing *Iliff v. Arnott,* 31 Kan. 672.

2. There is no duty imposed on the garnishee defendant to investigate the domestic relations of the principal defendant; citing *Moore v. Railroad Co.,* 43 Iowa, 385; and the defense of an exemption is a personal right, and must be set up by the principal defendant; citing *Osborne v. Schutt,* 67 Mo. 712; *Moore v. Railroad Co.,* 43 Iowa, 385; *Conley v. Chilcote,* 25 Ohio St. 320; *Jones v. Tracy,* 75 Penn. St. 417.

---

[1] For cases bearing upon the exemption of wages from garnishment, see:

1. *Drake v. Railway Co.,* 69 Mich. 168, holding that wages due a resident of a sister state, and exempt under its laws from garnishment, cannot be subjected to that process in this State by the assignee of a debt contracted in the sister state by the principal debtor, where the assignor also resides, and where both debts are payable, no personal service of process having been had upon the principal debtor.

2. *Pettit v. Booming Co.,* 74 Mich. 214, holding that How. Stat. § 8032, which exempts the wages of a "householder having a family," to the amount of $25, applies to a husband residing in this State, and who is supporting his family in Canada from his wages.

3. A garnishee is not a party to an action in the sense that he is
required to make defense for either of the parties, between
whom he is presumed to be indifferent respecting the merits
of the case; citing *Moore v. Railroad Co.*, 43 Iowa, 385; and
we think, therefore, that it would not be fair to insert in the
disclosure any statement as to the domestic relations of the
defendant. It must be remembered that in justice's court the
garnishee is the witness of the plaintiff, and his disclosure
cannot be disputed by him; citing *Maynards v. Cornwell*, 3
Mich. 309; *Newell v. Blair*, 7 Id. 103; *Sutherland v. Burrill*,
82 Id. 13; and this extends even to his statements made upon
information and belief; citing *Sexton v. Amos*, 39 Mich. 695.

*Frank T. Lodge,* for plaintiff.

HOOKER, J. The defendant, being garnished in a pro-
ceeding in justice's court. wherein the plaintiff was princi-
pal defendant, disclosed that it was indebted to the princi-
pal defendant for his personal labor, but was silent as to
whether he was a householder.. It does not appear that
the fact was within the knowledge of the garnishee defend-
ant, though there was testimony tending to show that it
had been so informed by the principal defendant. At the
close of the examination the garnishee paid to the justice
all money that was due to the principal defendant, and it
was applied to the judgment against him. This action
was thereupon brought against the garnishee defendant by
the principal debtor to recover his exemptions, which he
claims that the garnishee defendant could not lawfully pay
over to the justice.

A garnishee proceeding is purely statutory. If the gar-
nishee would protect himself from an action by his creditor,
he must see that he takes each step in conformity to law.
In other words, he cannot waive any rights of the princi-
pal debtor without incurring a personal liability. *Hirth v.
Pfeifle,* 42 Mich. 31. The proceeding is statutory, and in
derogation of the common law, and the statute must be
strictly followed to bind the principal defendant. *May-
nards v. Cornwell,* 3 Mich. 309; *Townsend v. Circuit Judge,*

39 Id. 407; *Sievers v. Wheel Co.*, 43 Id. 275; *Ford v. Dock Co.*, 50 Id. 358. In *Hanselman v. Kegel*, 60 Mich. 548, this Court said:

" The proceedings under the garnishee statutes are in derogation of the common law. Not only must the statutes be strictly construed, but there is no authority for any action or prohibition of action outside of them."

How. Stat. § 8032, says that the act shall not apply to $25 of the amount due the principal defendant, where he is a householder having a family, and the debt is for his personal labor; and section 8037, which permits payment of any sum to the justice in advance of the adjudication, expressly excepts this labor claim. As the right did not exist independent of the statute, and as the statute does not compel it, but on the contrary expressly denies it, we think the payment of such sum is at the peril of the garnishee, unless circumstances create an estoppel which should preclude the principal defendant from asserting such claim against the garnishee.

It may be said that this is a hardship upon the garnishee; that he must determine at his peril whether the principal defendant is or is not a householder, when he may have no means of ascertaining the fact. It may be admitted that the law might be improved, but the hardship is not a necessary one. There is no law that compels a garnishee to determine the question, and to testify accordingly. He may state any fact that has come to his knowledge, by hearsay or otherwise; and it is his duty to do so, under the repeated decisions of this Court. *Drake v. Railway Co.*, 69 Mich. 168; *Sexton v. Amos*, 39 Id., 695. He may always safely state that he does not know whether the principal defendant is a householder, and, until it appears that he is not, the labor claim is secure; for, unless the disclosure shows a clear liability of the fund to the process, it cannot be reached. *Townsend v.*

*Circuit Judge,* 39 Mich. 407; *Sexton v. Amos,* Id. 695; *Lyon v. Kneeland,* 58 Id. 570; *Newell v. Blair,* 7 Id. 103; *Thomas v. Sprague,* 12 Id. 120; *Wellover v. Soule,* 30 Id. 481; *Hewitt v. Lumber Co.,* 38 Id. 701; *Hackley v. Kanitz,* 39 Id. 398; *Spears v. Chapman,* 43 Id. 541; *Weirich v. Scribner,* 44 Id. 73; *Lorman v. Insurance Co.,* 33 Id. 65. Thus it is seen that the garnishee may always protect himself by his disclosure, and he may perhaps do the same by giving the principal defendant an opportunity to appear and defend the suit against the garnishee, without which the fund cannot be reached unless he chooses to pay it to the justice.

But there is no room for an estoppel here, because the illegal payment was not made in reliance on any representation of the principal defendant, but of defendant's own volition.

The judgment will be affirmed.

McGRATH, C. J., and MONTGOMERY, J., concurred with HOOKER, J.

LONG, J. *(dissenting).* On January 2, 1892, Morris Pluff commenced suit in justice's court by summons against the plaintiff, and on January 21 a judgment was entered by consent against the plaintiff for $47 damages and $1.50 costs. On commencement of suit the defendant company was garnished,—the plaintiff being a street-car driver in its employ,—and on January 14 the company paid the amount due Crisp, $11.90, into court, and filed a disclosure, stating that that amount was due plaintiff at the time of the service of the writ of garnishment. Subsequently, the defendant company was garnished four times upon that judgment, and made disclosure each time, and paid the money due him into court. The disclosures contained no statement that Crisp was a householder. On each occasion, Crisp was notified by the paymaster of the defendant com-

pany that his pay had been garnished by Pluff in the suit before the justice, within three or four days after the service of the writ, and in time for him to appear before the justice and protect his interests. On March 8, 1892, after the third writ of garnishment was served, Crisp gave written notice to the defendant company that he was a householder. On one occasion, Crisp claims that the paymaster asked him if he was a householder, when he told him that he was; and the paymaster then instructed him that all he had to do was to go to the justice's court, and make a demand for his money, and he would get it. The paymaster, however, denies that such conversation occurred. Crisp claims that he called at the justice's court, and, it being near the hour of closing, the justice told him to call the next morning and he would let him know, which, however, he did not do, as he was out of town the following morning. At another time, Mr. Crisp's attorney attempted to appear for him, but this was refused by the justice. Further than this, it is not claimed that Crisp attempted to protect his interests. He now attempts to recover his wages from the defendant company. He had judgment before the justice for $60 damages and $2 costs. Defendant appealed to the circuit court, and on trial there verdict was directed for plaintiff for the same amount. Defendant brings error.

The statute relating to proceedings against garnishees in justice's court (section 8032, being section 2, chap. 276, How. Stat.) provides:

" The person summoned as garnishee, from the time of the service of such summons, shall be. deemed liable to the plaintiff in such suit to the amount of the property, money, and effects in his hands or possession, or under his control, or due from him to the defendant in such suit: *Provided*, that, when the defendant is a householder having a family, nothing herein contained shall be applicable to any indebtedness of such garnishee to the defendant

for the personal labor of such defendant or his family for any amount not exceeding the sum of twenty-five dollars."

Section 8037 provides that—

" The garnishee may, after the expiration of the time limited by law for an appeal or stay of execution on said judgment, if no appeal has been made or stay of proceedings put in, pay to the justice before whom the examination was had all money then due and owing by him to the defendant, or sufficient to satisfy said judgment (except such as is exempt, as provided by section 2 of this act), and thereupon such justice shall execute and deliver to the garnishee a release and discharge for the amount paid."

The exemption referred to in this section is recited above as a part of section 2.

It is contended by counsel for plaintiff that the defendant might have disclosed all the facts, as such facts had been disclosed by the plaintiff, and that, if it had disclosed the fact of plaintiff's being a householder, no judgment could have been rendered against the garnishee by the justice; that, the defendant having failed to disclose the fact that the plaintiff was a householder, it cannot now screen itself by the payment of the money into the court, and a release from the justice, if such release was given. On the other hand, counsel for defendant contend:

" 1. That under the law the principal defendant has a perfect right to appear in a garnishment case and protect his own interests.

" 2. That there is no duty imposed upon a garnishee defendant to investigate the domestic relations of the principal defendant, and determine whether he is a householder having a family.

" 3. That the question whether the principal defendant in a garnishment case is a householder is a judicial question, and should be determined by the court, and not by the garnishee defendant, and that by payment into court the question is properly placed there for decision."

In these contentions, we think defendant's counsel are correct. In *Wilson v. Bartholomew*, 45 Mich. 41, it was

contended that the principal defendant could not, in his own behalf, by writ of *certiorari*, prosecute an action to review the judgment given against the garnishee defendant. It was said:

"It cannot be maintained that the legal rights of Loomis [the principal defendant] were liable to be cut off by the decision of the justice in a case between others, and without his having an opportunity to be heard."

The principal defendant had the right to be heard before the justice, and show why the fund deposited by the garnishee should not be paid over on a judgment rendered against him. The attorney for the principal defendant attempted to appear, and the justice held that he could not do so. In this the justice was in error, but the remedy of the principal defendant, in such case, was by appeal or *certiorari*. *Chilcote v. Conley*, 36 Ohio St. 545; *Curran v. Fleming*, 76 Ga. 98. In the above cases the rule is stated that the principal defendant may appear and defend in the matter of the garnishment.

It is claimed here, however, that it was the duty of the garnishee to disclose that the principal defendant was a householder, and that, not having done so, it is liable in the present action. The garnishee complied with the plain intent of the statute. It made disclosure of the amount of its indebtedness to the principal defendant, and paid the money into court. The object of the statute permitting the payment of money into court is to terminate controversy as to the amount due and owing by the garnishee defendant to the principal defendant, and to release the garnishee from further trouble or annoyance with the matter. *Barber v. Howd*, 85 Mich. 221. Having made the disclosure, and paid the money to the justice, its further duty in the premises ended; and the matter then rested between the plaintiff in that suit and the principal defendant, as to how the money was to be applied, and the

decision of that question was for the court. As was said in *Karp v. Bank*, 76 Mich. 679:

"The object of the garnishee law is to furnish reasonable facilities for reaching property of the debtor, due him or held for him by third persons; but it never was intended to deprive a garnishee of any of his own rights, or to subject him to the danger of double actions."

In *Moore v. Railroad Co.*, 43 Iowa, 385, the court said:

"The whole proceeding being based on the statute, we would hesitate long before holding that there are other and greater obligations or duties resting upon a garnishee than those imposed by statute. The law, as it is, imposes inconvenience enough on a garnishee, without enlarging its provisions by judicial construction. Another cogent reason why it was not the duty of the garnishee to make defense is that the exemption of property and wages from execution or attachment is in the nature of a personal right, to be exercised or claimed by the debtor, and not by another. If he fail to claim the exemption, no one indebted to him would have the right to make it for him.   *   *   *   It certainly would be far from reasonable to require a corporation employing hundreds of men to be so familiar with the domestic relations of its employés, as that all its officers upon whom legal service of garnishment might be made should have knowledge that a particular employé was a married man."

We think that the true rule is that, an exemption being a purely personal right, the defense must be set up by the principal defendant. The garnishee has no interest in the controversy. He is a neutral party. He makes his disclosure, and pays his money into court. When this is done, the principal defendant then has an opportunity to show to the court that the moneys are exempt, and should not be paid over to the plaintiff. That the defense must be set up by the principal defendant is held in *Moore v. Railroad Co.*, 43 Iowa, 385; *Osborne v. Schutt*, 67 Mo. 712; *Conley v. Chilcote*, 25 Ohio St. 320; *Jones v. Tracy*, 75 Penn. St. 417.

The question whether the principal defendant is a mar-

ried man and a householder is for the justice to determine, under the facts of the case. While it may be proper for the garnishee to disclose the fact, if within his knowledge, yet the claim of exemption must be made by the principal defendant, if he have notice, if he desires to save the right which the statute gives him. In the present case, he knew of the issue of the trial, and had ample opportunity to do so, but neglected it. He cannot now claim that the moneys were improperly paid into court by the garnishee, or· insist that the garnishee should have made the defense for him. The garnishee apparently acted in good faith, and should not be compelled to pay the debt twice.

Judgment of the court below should be reversed, with costs of both courts, as we see no reason why a new trial should be awarded.

GRANT, J., concurred with LONG, J.