## McDOUGALL *v.* LAMB.

1. Garnishment — Defenses — Intervention of Principal Defendant.

   The principal defendant has the right, at least in the absence of objection by the garnishee, to intervene in garnishment proceedings, and urge the exemption of the garnished fund.

2. Justices of the Peace—Return to Certiorari—What Considered.

   On *certiorari* to a justice of the peace, an amplification of the return, duly signed, accompanying the return proper and in no way inconsistent therewith, purporting to contain a minute of proofs offered and excluded, is entitled to the same consideration as if incorporated in the return. .

Error to Lapeer; Moore, J.    Submitted April 28, 1897. Decided May 25, 1897.

Garnishment proceedings in justice's court by Randolph A. McDougall against John J. Lamb, garnishee of William Mott.  A judgment for plaintiff was reversed in the circuit court on *certiorari*, and plaintiff brings error. Affirmed.

*C. F. Gates*, for appellant.

*Crane & Crane*, for appellees.

Hooker, J.   McDougall brought an action of *assump-sit* against Mott, and garnishee proceedings against Lamb, in justice's court.   The disclosure, duly filed, shows Lamb indebted to Mott in the sum of $60.   Judgment being rendered against Mott, the garnishee, Lamb, was cited to show cause why judgment should not be rendered against him, and issue was joined between him and the plaintiff. Upon the trial of this issue, Mott, the principal defendant, asked to be allowed to introduce evidence against the claim of the plaintiff, but was not permitted to do so.   Upon *certiorari* the circuit court reversed the judgment, and the plaintiff has brought the case to this court by writ of error.

Whether the principal defendant has a legal right to intervene, against the consent of the garnishee, in garnishment proceedings, need not be determined upon this record, as it does not appear that any objection was made by the garnishee to such showing by the prinicpal debtor as he might choose to make upon the statutory issue. We have held that it is unsafe for a garnishee to omit from his disclosure any fact known to him, or which he may have reason to believe, which would tend to show that the fund or property in his hands was not subject to garnishment.   The case of *Crisp* v. *Railway Co.*, 98 Mich. 648, intimates that the garnishee must see that money covered by the laborer's exemption be not recovered from him by garnishment proceedings without the consent or estoppel of the principal defendant.   In *Wilson* v. *Bartholomew*, 45 Mich. 41, it was held that a principal defendant might review garnishment proceedings upon *certiorari*, where his rights had been cut off without his having an opportunity for a hearing upon the claim of exemption.   While this case may be thought to imply that a principal defendant is not a party in the garnishee proceedings to the extent of permitting him to be heard, there is good reason for saying that a court should allow him to assume the defense of the garnishee, and we do not wish to be understood as saying that he

has not a right to make such defense.   Upon this subject,
see 2 Shinn on Garnishment, sections 664, 671, *et seq.*,
for a discussion of the subject, and 2 Howell's Annotated
Statutes, section 8040, which seems to permit a trial of
the question of the garnishee's liability, which might sub-
ject him to a double liability if the principal defendant
cannot be brought before the court and bound by the
judgment.   The learned circuit judge was of the opinion
that the justice erred in not allowing the defense to be
made, and his judgment reversing the case must be
affirmed, unless, as counsel for the plaintiff contends,
the record shows that the proof offered could not have
amounted to a legal defense.

The alleged defense is that the garnishee was indebted
for hay sold to him by Mott, which hay was mortgaged
to one Day; that the hay was sold by Mott, by consent of
the mortgagee, upon his promise to pay the money to be
received therefor to the mortgagee.   Counsel appears to
concede that, if this was true, it was a defense to the
extent of the mortgage lien, but he asserts that the
record fails to show that the defendant sought to prove
this, but that his claim as made is shown by the fol-
lowing:

"The garnishee defendant, by his attorney, stated that
he had no defense.   Then Mr. Crane, as attorney for
William Mott, requested to have William Mott sworn,
that he might show by William Mott that the money due
from John J. Lamb to the said William Mott was for
hay sold the said John J. Lamb by said William Mott,
and that said hay was exempt property, for the reason
that the said William Mott had the said piece of land
under contract, and he needed the proceeds of said hay to
pay for said land, and that, consequently, said hay was
exempt, and the proceeds thereof were not subject to gar-
nishment; and also that one William Day had a mort-
gage on said hay, but that said Day had consented that
he sell said hay,—which tender of testimony was objected
to by the plaintiff, by his said attorney, which objection
was sustained by me."

The foregoing is all that appears from the return proper, but accompanying the return, and signed by the justice, are what purport to be minutes of testimony, giving the history of the proceeding, in which the claim made by the defendant appears. These minutes are returned with the other papers. It does not appear that any motion was made to strike them from the files as no part of the return, or that they were in any other way questioned. They are not inconsistent with the return, being only more full in their statement in some respects. Upon the whole record as returned by the justice, we are of the opinion that the circuit judge was justified in reversing the judgment. His judgment is therefore affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.