SLUMPFF *v.* McGUIRE & HANSEN.

1. EXEMPTIONS—HOUSEHOLD GOODS—CONSTRUCTION OF STATUTE.
Statute exempting household goods should be liberally construed in favor of householder.

2. SAME—HOUSEHOLD ARTICLES OF ORNAMENTAL CHARACTER EXEMPT.
That household article is not only item of furniture or utility but is also ornamental in character and of value somewhat in excess of bare necessity of its character, does not place it beyond scope of exemption statute.

3. SAME—EXPENSIVE FLOOR RUGS.
Floor rugs, although more expensive than those in common use, are household goods of such character that judgment debtor is entitled to select exemption therefrom under statute (3 Comp. Laws 1915, § 12858, subd. 7).

4. SAME—DAMAGES FOR WRONGFUL LEVY—STATUTES.
Where levy and sale of household goods occurred while 3 Comp. Laws 1915, § 12858, subd. 7, was in force, householder's exemption was limited to $250, and therefore in action for damages for wrongful levy his damages are limited to said amount, although at time of trial statute had been amended increasing exemption to $500 (3 Comp. Laws 1929, § 14578).

Error to Wayne; Merriam (DeWitt H.), J. Submitted January 23, 1931. (Docket No. 165, Calendar No. 35,184.) Decided February 27, 1931.

Case by Fred Slumpff against McGuire & Hansen, Inc., a Michigan corporation, and Joseph Perkins, constable, for wrongful levy upon exempt household goods. Judgment for plaintiff. Defendants bring error. Reduced and affirmed.

*Robbins & Schuur,* for plaintiff.

*Tilden M. Gallagher* (*Edmund E. Shepherd,* of counsel), for defendants.

NORTH, J. The defendant McGuire & Hansen, a Michigan corporation, as a judgment creditor of the plaintiff herein, through the defendant Perkins, acting as constable, levied upon and sold two floor rugs belonging to plaintiff. These rugs cost $775 when originally purchased, and were found by the circuit judge to have been worth $400 at the time of the levy and sale. Incident to this levy the constable failed to make an inventory and have an appraisal made, and he did not afford the judgment debtor any opportunity to secure his exemption from the goods levied upon (3 Comp. Laws 1915, §§ 12861, 12862 [3 Comp. Laws 1929, §§ 14581, 14582]). · Plaintiff herein, being a resident householder, claimed he was entitled to an exemption under the statute providing for such in cases of levies upon ''household goods, furniture and utensils.'' He brought this· suit to recover the damage he sustained by reason of being deprived of such right. The case was tried by the court without a jury. Plaintiff had judgment for $400. Defendants have appealed and present two contentions.

(1) Appellants assert as a matter of law that rugs of such value are luxuries, articles of ornamentation or works of art and are not within the exemption statute covering ''household goods, furniture and utensils.'' They quote and rely upon various authorities of the following character:

''The exemption is ordinarily expressly limited to necessary articles, the implication being one of necessity for the support of the debtor's family. * * * Superfluities, however, and articles of luxury, fancy and ornament, are excluded.'' 25 C. J. p. 42,

citing *Hitchcock* v. *Holmes,* 43 Conn. 528.   See, also, note No. 68, p. 42.

The fact that a household article is not only an item of furniture or utility but is also ornamental in character and of a value somewhat in excess of a bare necessity of its character, we think does not place it beyond or outside the scope of the exemption statute.   The statute should be liberally construed in favor of the householder.   *Wilson* v. *Bartholomew,* 45 Mich. 41; *Fischer* v. *McIntyre,* 66 Mich. 681.   As evidenced by legislation hereinafter noted, as well as other legislation, the modern tendency is to extend rather than to limit exemptions.   In *Dunlap* v. *Edgerton,* 30 Vt. 224, it has been fittingly said:

"Chairs, tables, bedsteads, sofas, carpets and looking glasses clearly come within the provisions of the statute; and yet there is a wide range in the style and cost of such articles, some being cheap, plain and for common use, some others expensive, elegant and ornamental."

Nonetheless, they still come within the householder's exemptions.   The circuit judge was right in holding that these rugs taken from among plaintiff's household effects were of such a character that he was entitled to select an exemption therefrom.

(2) Appellants also assert as a matter of law that at the time the constable seized plaintiff's property the latter's exemption of this character by statute was limited to $250.   In this defendants are correct. The levy and sale of plaintiff's goods occurred some time prior to June 9, 1929.   Plaintiff's exemption was fixed in amount by the statute then in force (3 Comp. Laws 1915, § 12858).   This section was amended by Act No. 87, Pub. Acts 1929, increasing the exemption to $500; but this act did not become

effective until August 28, 1929 (3 Comp. Laws 1929, § 14578). Plaintiff claims that because his suit for damages was not instituted until after the 1929 act became effective, his exemption was $500, and therefore he could recover the full value of the household goods taken, which the court fixed at $400. In sustaining this claim on the part of plaintiff the circuit judge was in error. The extent of plaintiff's damage was determined by the value of the property he was entitled to claim as an exemption at the time he should have been permitted to make such an exemption. This was limited to $250.

The case will be remanded to the circuit court, with direction to reduce the judgment as of the date when originally entered to $250 and costs in the circuit court. Appellants will have costs in this court.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.