**In re Robert Cecil SPRADLIN, Sr., Debtor.**

**Bankruptcy No. 98–20611.**

United States Bankruptcy Court, E.D. Michigan, Northern Division.

Jan. 29, 1999.

Susan M. Cook, Attorney at Law, Bay City, MI, for debtor.

George E. Jacobs, Attorney at Law, Bay City, MI, for Chapter 7 Trustee.

Michael C. Hammer, Attorney at Law, Detroit, MI, for Kenneth Nathan.

Daniel G. Helton, Attorney at Law, Detroit, MI, for Steelcase parties.

### OPINION ON OBJECTION TO DEBTOR'S EXEMPTING TWO IRA'S

ARTHUR J. SPECTOR, Bankruptcy Judge.

The issue to be decided is whether the Michigan exemption from levy and sale permitting a debtor to exempt "[a]n individual retirement account," Mich.Comp.Laws § 600.6023(1)(k), exempts one-and-only-one IRA or any-and-all IRAs owned by the judgment debtor. For the reasons which follow, we agree with the chapter 7 trustee and the creditors that the statutory phrase encompasses one and only one IRA.

The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 13, 1998, which he converted to chapter 11 on May 18, 1998. He later converted the case again, on June 19, 1998, this time to chapter 7. Opting for Michigan state exemptions in lieu of the federal exemptions as he is permitted to do by 11 U.S.C. § 522(b), the Debtor seeks to exempt a "Prudential Individual Retirement Account" valued at $400,000, and an "Equitable Individual Retirement" valued at $45,707.20.

On August 31, 1998, Kenneth A. Nathan, an assignee for the benefit of the creditors of Contract Interiors, Inc., objected to the Debtor's exemptions, including "the Debtor's attempt to exempt two individual retirement accounts for the reason that [Mich.Comp. Laws § 600.6023(1)(k)] allows the exemption only of '[a]n individual retirement account.'" Objection to Exemption at 1. On September 3, 1998, Daniel C. Himmelspach, the chapter 7 trustee of the Debtor's estate, joined in this objection. The following day, Lakestates Workplace Solutions, Inc., Steelcase, Inc., Steelcase Financial Services, Inc., and The Holland Group, L.L.C. d/b/a Workplace Integrators (related entities who collectively refer to themselves as "The Steelcase Parties") filed their own objection to the Debtor's claim of exemptions, including the IRAs.

The position of the trustee and the creditors is easy to summarize. The statute expressly allows a judgment debtor to exempt only "[a]n" IRA. And since the word "a" or "an" denotes a single unit, they argue that a debtor may exempt only one IRA.

The Debtor retorts that under Michigan law, exemptions from levy and sale are to be read liberally in favor of a judgment debtor. As the term "[a]n individual retirement ac-

count" is ambiguous in the context of the entire statutory scheme, the Debtor contends that it should be read broadly in keeping with its remedial purpose.

The issue before the Court is strictly one of interpretation of Michigan statutory law.[1] In performing such a task, a federal court sits as a lower state court would. Accordingly, when the state supreme court has not spoken, the task of the federal court is "to discern, from all available sources, how that court would respond if confronted with the issue." *In re Akron–Cleveland Auto Rental, Inc.*, 921 F.2d 659, 662 (6th Cir.1990); *Kurczi v. Eli Lilly & Co.*, 113 F.3d 1426, 1429 (6th Cir.1997); *Wieczorek v. Volkswagenwerk, A.G.*, 731 F.2d 309, 310 (6th Cir.1984). Since the Michigan Supreme Court has not addressed the matter before us, we must try to anticipate how that court would decide the issue. *In re Boufsko, Inc.*, 44 B.R. 98 n. 1, 39 U.C.C.Rep.Serv. 1788 (Bankr.E.D.Mich. 1984); *cf. Sours v. General Motors Corp.*, 717 F.2d 1511, 1514 (6th Cir.1983) (diversity case).

Michigan law on statutory interpretation is essentially the same as it is under federal law. "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the legislature." *People v. Stanaway*, 446 Mich. 643, 658, 521 N.W.2d 557 (1994); *State Treasurer v. Gardner*, 222 Mich.App. 62, 65, 564 N.W.2d 51 (1997). A statute that is clear and unambiguous on its face needs no interpretation by a court; only statutes which are of doubtful meaning are subject to the process of interpretation. *Jones v. Grand Ledge Public Schools*, 349 Mich. 1, 9, 84 N.W.2d 327 (1957). *See also People v. Blodgett*, 13 Mich. 127, 167 (1865) ("The fair and natural import of the

---

1. We note that the resolution of this issue is a close call, for both positions are well supported by logic and argument. And in fact, this is probably an issue that should be certified to the Michigan Supreme Court. However, Congress clearly intended for chapter 7 cases to be administered expeditiously. *See, e.g.*, 11 U.S.C. § 704 ("The trustee shall—(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."); *see also Katchen v. Landy*, 382 U.S. 323, 328–29, 86 S.Ct. 467, 15 L.Ed.2d

391 (1966) ("[T]his Court has long recognized that a chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.") (citation omitted). Moreover, the Court's gentle suggestion that resort to Michigan Court Rule 7.305(B) be considered was not followed by the parties. Therefore, unless one or another of the appellate courts which reviews this decision certifies this question of purely state law (and the Michigan Supreme Court accepts it), it will be decided in the federal forum.

terms employed, in view of the subject matter of the law, is what should govern."); *MacQueen v. Port Huron City Commission*, 194 Mich. 328, 342, 160 N.W. 627 (1916).

The problem here is that the word "an", has two natural meanings, either of which would be reasonably applied in this statute. According to a respected dictionary, "an" is "equivalent to 'one' or 'any.'" *Black's Law Dictionary* 84 (6th ed.1990). If the word following "an" in the subsection had started with a consonant, the word we would be construing would be "a." And "[t]he word 'a' has varying meanings and uses." *Id.* at 1.

> "A" means "one" or "any," but less emphatically than either. It may mean one where only one is intended, or it may mean any one of a great number. It is placed before nouns of the singular number, denoting an individual object or quality individualized.

> The article "a" is not necessarily a singular term; it is often used in the sense of "any" and is then applied to more than one individual object. *Lewis v. Spies*, 43 A.D.2d 714, 350 N.Y.S.2d 14, 17. So under a statute providing that the issuance of "a" certificate to one carrier should not bar a certificate to another over the same route, a certificate could be granted to more than two carriers over the same route. *State ex rel. Crown Coach Co. v. Public Service Commission*, 238 Mo.App. 287, 179 S.W.2d 123, 127. Also, article "a" in statute making it a crime for a person to have in his possession a completed check with intent to defraud includes the plural. *People v. Carter*, 75 Cal.App.3d 865, 142 Cal.Rptr. 517, 520. But the meaning depends on context. For example, in Workers' Compensation Act, on, or in or about "a" railway, factory, etc., was held not to mean any railway, factory, etc., but *the* railway, factory, etc., of the employer.

*Id.* Therefore, it seems apparent that there is no one "fair and natural" meaning for the word being scrutinized.

■ Michigan law is also like federal law in that statutory construction is a "holistic" endeavor. *See LaGuire v. Kain*, 440 Mich. 367, 487 N.W.2d 389, 402–03 (1992) (Boyle, J. concurring and also dissenting).

When "construing a statute, 'effect must be given, if possible, to every word, sentence and section.' Moreover, to discover the legislative intent, 'the entire act must be read, and the interpretation be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.'" *Weems v. Chrysler Corp.*, 448 Mich. 679, 769–700, 533 N.W.2d 287 (1995) (quoting *Grand Rapids v. Crocker*, 219 Mich. 178, 182, 189 N.W. 221 (1922)) (internal citations omitted); *see also Mayor of Detroit v. State of Michigan*, 228 Mich.App. 386, 461, 579 N.W.2d 378 (1998) ("Particular provisions of a statute should be read in the context of the entire statute."). *See, e.g., Int'l Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 79, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) ("'We continue to recognize that context is important in the quest for [a] word's meaning,' *United States v. Bishop*, 412 U.S. 346, 356, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), and that '[s]tatutory construction ... is a holistic endeavor.'" *United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)).

Consequently, we must refocus with a wider lens, examining the term in the context of the entire exemption statute. Mich.Comp. Laws § 600.6023(1) includes varying terms when quantifying the number of objects subject to exemption. For example, subsection (a) permits the exemption of "*[a]ll* family pictures, *all* arms and accouterments required by law to be kept by any person, *all* wearing apparel of every person or family, and provisions and fuel for comfortable subsistence of each household and his or her family for 6 months." Mich.Comp.Laws § 600.6023(1)(a) (emphasis added). Likewise, subsection (b) allows a debtor to exempt "*[a]ll* household goods, furniture, utensils, books, and appliances not exceeding in value $1,000." Mich.Comp.Laws § 600.6023(1)(b) (emphasis added). And subsection (c) says: "*all* cemeteries, tombs, and rites of burial while in use as repositories of the dead of the judgment debtor's family or kept for burial of the judgment debtor."

Mich.Comp.Laws § 600.6023(1)(c) (emphasis added).

On the other hand, subsection (d) permits each householder to exempt: "10 sheep, 2 cows, 5 swine, 100 hens, 5 roosters and a sufficient quantity of hay and grain, growing or otherwise, for properly keeping such animals and poultry for 6 months." Mich.Comp. Laws § 600.6023(1)(d).

For purposes of quantification, the term "any" is used only in subsection (f): *"[a]ny money or other benefits paid, provided or allowed to be paid, provided, or allowed, by any stock or mutual life or health or casualty insurance company...."*. Mich.Comp.Laws § 600.6023(1)(f). (emphasis added).

Four subsections use the word "the:" (1) subsection (g)—"[t]he shares held by any member, being a householder, of any association incorporated under the provisions of the Savings and Loan Act of 1980 ... to the amount of $1,000 in such shares...."; (2) subsection (j)—"[t]he homestead of a family, after the death of the owner of the homestead, from the payment of his or her debts in all cases during the minority of his or her children."; (3) subsection (1)—"[t]he right or interest of a person in a pension, profit-sharing, stock bonus, or other plan that is qualified under § 401 of the Internal Revenue Code...."; (4) subsection (e)—"[t]he tools, implements, materials, stock, apparatus, team, vehicle, motor vehicle, horses, harness, or other things to enable a person to carry on the profession, trade, occupation, or business in which the person is principally engaged, not exceeding in value $1,000." Mich.Comp.Laws § 600.6023(1)(g), (j), (*l*) and (e).

Finally, in addition to subsection (k), the statute uses the word "a" or "an" in the following other locations: (1) subsection (c)— "a seat, pew, or slip occupied by the judgment debtor or the judgment debtor's family in any house or place of worship...."; (2) subsection (h)—"[a] homestead of not exceeding 40 acres of land and the dwelling house and appurtenance on that homestead ... not exceeding in value $3,500."; (3) subsection (i)—"[a]n equity of redemption as described in section 6060." Mich.Comp.Laws § 600.6023(1)(c), (h) and (i).

From the foregoing it appears that the Michigan legislature was fully cognizant of how and when to quantify those items it wanted to be subject to exemption. When the legislature wanted all of a certain species of property to be exemptible, it used the term "all." When it desired that the debtor be allowed to exempt a certain specified number of items, it placed numbers before the description of those items. When it wanted to specify a particular item, it used the term "the." And when it wanted to use the word "any," it did so. Therefore, in the context of this section, it is more sensible to read the term "a" or "an" as referring to a single solitary item. Had the legislature intended otherwise, it is more logical to conclude that it would have expressed itself by either using "any," "all" or a specific enumeration.

■ And while we acknowledge that this is not an easy call, the above conclusion seems more reasonable than the alternative. The debtor vociferously argues that once the court has determined that the term "an" is ambiguous, we must resort to the general rule of statutory interpretation requiring a court to liberally construe remedial statutes in favor of the debtor. *See Eide v. Kelsey-Hayes Co.,* 431 Mich. 26, 427 N.W.2d 488 (1988); *Soap and Detergent Assoc. v. Natural Resources Commission,* 415 Mich. 728, 330 N.W.2d 346 (1982); *Birznieks v. Cooper,* 405 Mich. 319, 275 N.W.2d 221 (1979). And more specifically, the Michigan Supreme Court has explained that "[t]he law exempting property from execution, being remedial and resting upon a wise policy should, as far as practicable, be construed beneficially for the debtor." *Alvord v. Lent,* 23 Mich. 369, 371 (1871). *See also Slumpff v. McGuire & Hansen,* 253 Mich. 473, 475, 235 N.W. 224 (1931) ("The statutory exemption for household goods should be liberally construed as the modern tendency is to extend rather than to eliminate exemptions."); *White v. General Motors Corp.,* 431 Mich. 387, 429 N.W.2d 576 (1988); *People v. Prieskorn,* 424 Mich. 327, 381 N.W.2d 646 (1985); *Wilson v. Bartholomew,* 45 Mich. 41, 43, 7 N.W. 227 (1880) ("The policy of exemption is marked down in the Constitution and so far from being blind

to it, the courts have felt it to be their duty to give it a liberal exposition."); *Stewart v. Welton*, 32 Mich. 56, 59–60 (1875) ("[Exemption] statutes are remedial, and have not been strictly, but liberally construed for the purpose of carrying out the wise and humane objects in view.").

■ However, "[t]he rule of liberal construction will not override other rules where its application would defeat the intention of the legislature or of the evident meaning of an act." *Sutherland Stat. Const.* § 60.01 (4th ed. 1986 & Supp.1991).

While there is no binding precedent on this point, other courts faced with this issue have come to the same conclusion. In *Katranji v. Ellmann*, No. 93–CV–75304–DT (E.D.Mich. May 17, 1994), District Judge Hackett held that this section allows for exemption of only one individual retirement account. She stated: "[a]n examination of M.C.L.A. § 600.6023 as a whole indicates that when the legislature intended to allow the exemption of more than one item within a category of exemption, it did so by employing the words 'all,' 'any,' or a numerical denomination such as 'ten.'" Slip Opinion at 4–5. While we disagree with Judge Hackett's conclusion that *Grand Rapids Motor Coach Co. v. Michigan Public Service Commission*, 323 Mich. 624, 634, 36 N.W.2d 299 (1949) held that exemptions from sale and levy are to be construed "strictly," we nevertheless agree with her holding in *Katranji*.[2]

Furthermore, the Court's decision here is in accord with our recent holding in *In re William Richard Phipps*, Case No. 97–31349 (Bankr.E.D.Mich. Oct. 23, 1997). In *Phipps*, the Court entered an order sustaining the chapter 7 trustee's objection to the debtor's attempt to exempt more than one IRA. Although there was no written decision to support the order, the Court did state its conclusions from the bench at a hearing on October 15, 1997. After rejecting the debtor's argument that the unfairness resulting from the trustee's construction of the subsection was a basis for this Court to sustain the claim of exemption, the Court announced that it agreed with the *Katranji* result.

The debtor now asks this Court to reconsider its decision in *Phipps* and to disregard the *Katranji* decision. The debtor correctly points out that *Katranji* is not controlling. *See In re Gaylor*, 123 B.R. 236, 241–43, 21 B.C.D. 421 (Bankr.E.D.Mich.1991). Neither, of course, is the Court's own decision in *Phipps*.

However, the Court finds the underlying reasoning of the above cases persuasive. And after thoroughly dissecting the quantification aspect of Mich.Comp.Laws § 600.6023(1) again here, the Court is convinced that the Michigan legislature intended for the terms "a" and "an" to refer to a single solitary item within the context of that statute.

■ One could argue that applying the Court's interpretation of Mich.Comp.Laws § 600.6023(1) could lead to inequitable results. *See* Debtor's Supplemental Brief. . . . at 10. The Court does not necessarily disagree with this viewpoint. After all, it is patently obvious that under our interpretation of the statute, a well-informed debtor could fare substantially better than a less-informed debtor by merely combining all of his IRA savings into one account. *See Phipps*, Transcript of Hearing, October 15, 1997 at 9 (wherein we recognized that there are "all sorts of unfairness and antiquated exemptions [in Mich.Comp.Laws § 600.6023(1)]. The long and short of it is . . . you're presumed to know the law and you're

---

2. *Grand Rapids Motor Coach Co. v. Michigan Public Service Commission*, 323 Mich. 624, 36 N.W.2d 299 (1949) in no way stands for the proposition the *Katranji* court ascribed to it. The case involved an exemption under the Motor Carrier Act. *Id.* at 629, 36 N.W.2d 299. The quote cited by the trustee (and the district court) plainly does not apply to an exemption statute. It says "exemptions in a statute," meaning— quite plainly from the context—exemptions *from* a statute. Citing this case on the question of exemption from levy and sale is an example of why lawyers will never lose their jobs to computers. Only an overbroad computer search on the topic of "exemption" would produce this case. Nevertheless, even if the research were not done the old pre-computer way, a trained legal mind should never have allowed this case to be cited. Now, unfortunately, by virtue of its mis-citation in *Katranji*, it is subject to being utilized for a totally incorrect proposition.

... [expected to be] wise [enough] to act in your own best interest.") However, this perception of unfairness does not empower us to disregard the apparent intent of the Michigan legislature. This is because "[j]udicial discretion should be applied only when a literal application of the statute would lead to an absurd result." *In re Richardson,* 217 B.R. 479, 489 (Bankr.M.D.La.1998) (citing *Public Citizen v. Dept. of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989)). A result will be ruled absurd only "if it is 'unthinkable' or 'bizarre[,]' ..., or 'demonstrably at odds with the intentions of its drafters.' It is not absurd if it is merely 'personally disagreeable,' ... or 'mischievous' or 'objectionable.' " *Id.* at 491 (internal citations omitted). It is apparent that the interpretation of Mich.Comp.Laws § 600.6023(1)(k) adopted herein, while perhaps disagreeable, is not absurd. And the power to correct inequities within the statute resides, not with this or any other court, but with the Michigan legislature.[3] Accordingly, pursuant to Mich.Comp.Laws § 600.6023(1)(k), the Debtor will be permitted to exempt only one of his IRAs.

An order consistent with this opinion will be entered.

---

**3.** Recent developments in the Michigan legislature give us comfort that we have reached the correct—if not entirely palatable—result. The Legislative Analysis Section of the Michigan House of Representatives made this observation on March 24, 1998:

> [U]nder current law, one regular IRA is protected from creditors after a declaration of bankruptcy.
> Some argue that ... *all* retirement accounts ... should be protected in the event of personal bankruptcy.
> House Bill 5648 would amend those provisions of the Revised Judicature Act that list the kinds of property that are protected from creditors in the execution of any judgment. Currently, *an* individual retirement account ... is protected. House Bill 5648 would protect *all* individual retirement accounts.

First Analysis of House Bill 5648 at 1.

House Bill 5648 provided that the word "an" which introduces subsection (k) be deleted and replaced by the word "all," and that each reference in the subsection to the word "account" be changed to the plural. (The bill passed the House on June 9, 1998. No action to date has been reported in the Senate.)

The debtor asked that the Court not consider the House Legislative Analysis Section's comments because they are not authoritative and are by no means binding. This is undoubtedly true. Yet even the debtor agrees that such comments can be used for whatever, if any, persuasive effect, they may have. Debtor's Supplemental Brief in Reply to ... Kenneth Nathan's Supplemental Brief.... at 5–6 (stating that the guesses of the staff that authored the analysis about the proper interpretation of the present statute "are no better than anyone else's and should have little persuasive effect.").