EDWARD KARP v. CITIZENS' NATIONAL BANK OF SAGINAW, GARNISHEE OF FRITZ SCHEPPLER.

*Garnishment—Disclosure of bank—Evidence—Directing verdict.*

1. Under a charge directing a verdict in favor of a defendant, it becomes of no importance what special expressions may have fallen from the court, as the *only* question is whether there was *anything* to go to the jury.

2. The *object* of the garnishee law is to furnish *reasonable* facilities for reaching property of the debtor due him, or held for him by third persons; but it never was intended to deprive a garnishee of any of his own rights, or to subject him to *double* actions.

3. Where bank paper is out, and subject to transfer, the bank may not have any means, and cannot be compelled to hunt up, at its peril, the possible holders, or to pay any one but the holder; and usually it is entitled to have the paper *produced* and *delivered* up before payment.

4. Where the disclosure of a bank in a garnishee suit in justice's court showed the issuance to the principal defendant of certificates of deposit payable to him or his order on their return, and their non-presentation for payment at time of garnishment, and notice to the cashier of their transfer *before* the garnishee process issued, and on a trial on appeal at the circuit the bank offered to have its officers subjected to any further examination desired, the offer of the plaintiff to show by *other* witnesses the presentation by the principal defendant of the certificates for payment *after* the disclosure, and its refusal on account of the garnishee, coupled with a disclaim of his ability to show by the witness whether the principal defendant or the other person claiming the certificates was the owner, is properly rejected.

Error to Saginaw. (Gage, J.) Argued July 9, 1889. Decided October 18, 1889.

Action against garnishee, who was discharged. Plaintiff brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

H. Pistorius (*Trask & Smith*, of counsel), for appellant.

*Hanchett, Stark & Hanchett*, for defendant.

CAMPBELL, J. In March, 1888, plaintiff recovered judgment before a justice against Fritz Scheppler, the principal defendant, for $62.68 damages, and $3 costs. On April 12, 1888, the corporation defendant was garnished, and, after the usual proceedings, was discharged. Plaintiff appealed to the circuit, where the cause was tried, and judgment rendered for the garnishee under directions to that effect. Error is now brought, and it is claimed that the case should have gone to the jury. Under such a charge, it becomes of no importance what special expressions may have fallen from the court, as the only question before us is whether there was anything for the jury.

The disclosure made by defendant's cashier was to this effect: Three certificates of deposit were issued to Scheppler, dated, respectively, November 21, 1887, January 9, 1888, and April 5, 1888. Each of these was payable to Scheppler or his order, on the return of the certificate. There was stamped on each a statement that interest at 3 per cent. would be paid if left six months, but to cease then, if not renewed. These certificates had not been presented for payment when the garnishee process was sued out, and the cashier had receved notice that they had all been transferred to other parties before the garnishee process issued.

Plaintiff's counsel proposed to show by other witnesses besides the bank officers that after the disclosure Scheppler presented the paper to the bank for payment, which was refused on account of the garnishee. On being asked whether he proposed to show that Scheppler, and not the other person claiming them, was owner of the certificates, it was answered that he did not suppose the witness could testify to that. Defendant offered to have its officers subjected to any examination desired. The court refused to allow the inquiry

of other witnesses. In the plaintiff's brief he refers to a witness named Prentice as an employé of the bank, and the person meant, and claimed it was defendant's duty to bring before the court all testimony in its power, from whatever source.

The record does not mention Prentice, or show who or what he was. But the law does not contemplate that any one can bind the bank by disclosures except the proper officers, and it makes the disclosure conclusive. This has been settled by the decisions cited on the hearing; and there is good sense in the rule of law.

The object of the garnishee law is to furnish reasonable facilities for reaching property of the debtor due him, or held for him by third persons. But it never was intended to deprive a garnishee of any of his own rights, or to subject him to the danger of double actions. Where bank paper is out, and subject to transfer, the bank may not have any means, and cannot be compelled to hunt up, at its peril, the possible holders, or to pay any one but the holder. Usually, it is entitled to have the paper produced and delivered up before payment. We need not consider what exceptions arise to this, if any, because in the present case the disclosure admits nothing which binds the bank to pay money as due to the principal defendant, and there is nothing to base any further inquiry upon.

The case presents no new features, and we are not called on to do more than decide it according to the law as already fixed and expounded.

The judgment must be affirmed, with costs.

The other Justices concurred.