———&#9670;———

HENRY M. RICE, ADMINISTRATOR, ETC., v. THE THIRD NATIONAL BANK, GARNISHEE OF CHARLES W. GAUTHIER.

*Banks and banking—Garnishment of account—Liability.*

Where the *nominal* credit of a depositor at the time his bank is garnished as his debtor is more than offset by non-accepted drafts, afterwards returned, which had been drawn by him upon his customers, and credited in his account, under an arrangement, made when the account was opened, by which the bank was authorized to charge back such of the drafts as were not accepted, and upon his agreement that a sum in excess of said nominal credit should at all times be kept on deposit to cover the liability on such non-accepted drafts, the bank cannot be charged as garnishee.

Error to Wayne. (Hosmer, J.) Argued October 10, 1893. Decided November 10, 1893.

Garnishment proceedings. Defendant brings error. Reversed. The facts are stated in the opinion.

*Griffin, Warner & Hunt,* for appellant.

*Charles W. Casgrain* and *Sands F. Moore,* for plaintiff.

MONTGOMERY, J. The plaintiff's intestate brought suit against one Charles W. Gauthier, and garnished the defendant bank. The bank, by its officers, made disclosure that

at the date of service it had $979.23 on deposit in favor of the principal defendant, and also that the principal defendant was indebted to the bank for discounts largely in excess of the sum named, and that, there fore, the bank was not indebted to the principal defendant. An issue was framed, and the case tried before a jury. The cashier of the bank, Mr. Marvin, was called as a witness, and gave testimony tending to show that on the day of the service of the writ of garnishment there appeared a credit of $979.23 to Gauthier on the books of the bank, but that at the time of opening the account it was agreed that Mr. Gauthier should be privileged to deposit drafts drawn by him on his customers, and receive credit for them on account, but that, if any of these drafts were not accepted, the bank should be entitled to charge back the amount of such dishonored paper to his account. The testimony further tended to show that it was agreed between Gauthier and the bank that the sum of $1,000 should at all times be kept on deposit to cover the liability on the returned drafts; that at the time of the service of the writ there was in the hands of the bank, or its correspondents, drafts amounting to $3,000 and upwards, and that subsequently, and before trial, drafts amounting to more than the apparent credit to Gauthier came back unpaid. The circuit judge, on this testimony, directed a verdict for the plaintiff.

In this we think there was error. It was competent for the parties to make the agreement testified to, and, if it be the fact that Mr. Gauthier was under obligations to maintain a balance of $1,000 to cover liability by returned drafts, he could not himself have maintained an action against the bank on the day of its garnishment if the bank had refused to honor his check. If he could not have recovered against the bank, the garnishee plaintiff could not do so. *Karp v. Bank,* 76 Mich. 679. The process was

effectual to stop payment, and make the bank liable to plaintiff, instead of Gauthier; but, as the testimony tended to show that the amount on hand was subsequently more than offset by returned drafts charged against the account, there was, if the testimony shows the true state of the case, no liability.

The judgment will be reversed, with costs, and a new trial ordered.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.