CULVER *v.* NESTER.

1. ATTORNEY AND CLIENT—AGENT FOR SALE—COMMISSIONS FROM PURCHASER—GOOD FAITH.

Where an attorney who had been employed to bring about a judicial sale of his clients' property, the title to which was in dispute, with their knowledge and consent executed a contract with a prospective purchaser whereby he was to receive from the latter, in case he should be the successful bidder at a stated amount, a commission upon the purchase price, such commission being in lieu of direct compensation from the clients, the agreement was not invalid as violating the clients' interests.

2. CONTRACTS—CONSTRUCTION.

Defendant agreed to bid up to $4 per M. for timber of which plaintiff, an attorney, undertook to procure a judicial sale, and to pay to plaintiff, if such bid should be accepted, a commission of $1 per M. Defendant further agreed that, "at the option of the second party," he would bid any sum named by him less than $5 per M., and pay as commissions the difference between the sum so bid and $5 per M. *Held,* that the defendant was not liable to pay the full commission of $1 per M. upon timber bid in by him at a price exceeding $4 per M., although the bid accepted was not made at plaintiff's suggestion.

3. SAME—JUDICIAL SALE—PREVENTION OF COMPETITION—PUBLIC POLICY.

There was nothing in such contract which contravened public policy, as it had no tendency to prevent free competition at the sale, but merely imposed an obligation upon defendant to bid up to a certain amount, leaving it optional with him to bid as much more as competition should make necessary without incurring any penalty under the contract.

4. SAME—REPORT OF ARBITRATOR—CONCLUSIVENESS.

An estimate of the quantity of standing timber, made by the arbitrator named in a contract looking to its purchase, is not conclusive, where there was no such separation of varieties as the contract contemplated, and one of the parties had no part in directing the estimate, and it was not reported to him.

5. APPEAL—DAMAGES.

> A party cannot complain that the method of computing damages adopted by the court resulted in an inadequate award, where such method was the only one open upon the testimony because of the failure of such party to introduce the necessary proofs.

Error to Baraga; Haire, J., presiding.   Submitted January 6, 1898.   Decided March 15, 1898.

*Assumpsit* by Rush Culver against Frank P. Nester to recover commissions on a sale of timber to defendant. From a judgment for plaintiff for less than the amount claimed, both parties bring error.   Affirmed.

*C. F. Button* (*Kingsley & Kleinhans*, of counsel), for plaintiff.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for defendant.

MONTGOMERY, J.   In March, 1896, a controversy as to the ownership of certain timber lands in the Upper Peninsula existed.   Several parties claimed homestead rights in the lands, and the Michigan Land & Iron Company claimed title thereto.   These lands had been burned over, and the timber thereon, consisting mainly of white pine, was in danger of being ruined if not cut.   Plaintiff was the attorney for the homesteaders, and with their assent he made a contract with the defendant.   By the terms of this contract, plaintiff undertook to use his best endeavors to cause proceedings to be commenced, and to employ and pay counsel; such proceedings having the purpose of conserving the timber, and causing a sale of it to be made.   The agreement then proceeds as follows:

"Now, therefore, this agreement witnesseth: That, in consideration of the premises, the party of the first part agrees to bid for all the said timber, up to the amount of four dollars ($4.00) per thousand feet, board measure, that shall be ordered sold by the court in such legal proceed-

ings, payment to be made therefor in cash at the time and times when said timber shall be cut and scaled, as ordered by the court. And if the bid of said first party be accepted, and he shall become the purchaser of said timber at such sale, either directly or indirectly, and as such entitled to enter without delay, and cut and remove said timber, and have said pine timber, then the party of the first part hereby agrees to pay to the party of the second part, or his order, a commission of one dollar ($1.00) per thousand feet, board measure, on all the white pine timber which the said first party shall so purchase, up to fifteen million (15,000,000) feet, board measure, provided that a legal title to said timber be acquired on such purchase. If said timber purchased hereunder exceed in quantity fifteen million feet, board measure, the sum of fifteen thousand dollars ($15,000.00) commissions, and no more, shall be paid said second party by said first party.

"It is agreed that Ed. Dorgan shall estimate said timber as it stands, or, in the event of his refusal or inability to act, then Henry St. Arnold shall act as alternate; and it shall be the duty of the estimator to estimate the quantity of all the timber sold under the order of the court up to at least fifteen million (15,000,000) feet, board measure, which estimate shall be made as soon as the court approves the bid of said first party and confirms the sale. In case he is the successful bidder, and acquires title, said estimate shall be the basis on which said commission shall be paid, and on the completion of said estimate such commission shall be due and payable at the First National Bank of Marquette, Michigan, as follows: One thousand dollars ($1,000.00) in cash, and the balance within six months thereafter, without interest.

"It is also agreed by said first party that he will bid a reasonable figure for the Norway pine that may be sold by the court on said lands, in connection with said white pine timber. It is also further agreed by said first party that, at the option of said second party, he will bid any sum named by him less than five dollars ($5.00) per thousand feet for said white pine, and his commission shall be the difference between said sum and five dollars ($5.00) per thousand feet for said timber. No commission to be paid on Norway pine timber."

Such proceedings were later instituted, and resulted in a sale of the timber. Defendant became the purchaser of a

116 MICH.—13.

portion of the same, and, on his refusal to pay any commission to the plaintiff, this action was brought. The plaintiff recovered a verdict of $186.50, and both parties bring error.

It is contended by defendant's counsel that the contract was void, on the grounds of public policy: (1) That it was calculated to restrain free competition in bidding; and (2) because plaintiff placed himself by the contract in a position where his interests conflicted with those of his clients. It is conceded by counsel for plaintiff that any agreement entered into for the purpose of preventing free competition at a public sale is absolutely void, but it is contended that the agreement in question had no such necessary tendency. ' On the other hand, it is contended that, if the contract be given the construction contended for by plaintiff's counsel, it gave the plaintiff a power over defendant's bid inconsistent with free bidding. There would be some plausibility to this contention if the construction of the contract contended for by plaintiff be adopted; but, if the contract be construed as imposing an obligation upon the defendant to bid up to four dollars, and leaving him at liberty to bid as much more as the competition of the other bidders should make necessary without incurring any penalty under the contract, we think the agreement was valid, as it did not discourage bidding. *Wicker* v. *Hoppock*, 6 Wall. 97. In the view we take of the case, it is unnecessary to decide as to the validity of such a contract as plaintiff's counsel contend this should be construed to be, as we do not adopt their construction, as will be shown later on.

We do not think the contract void on the second ground stated. It appears that certain services were necessary to be rendered in order to induce the bringing about of a sale, and the clients of plaintiff understood, if they did not request, the agreement entered into. Apparently they preferred that this provision should be made for compensating plaintiff, rather than that they should undertake the payment direct for his services.

This brings us to a consideration of the contention of the plaintiff, which is that the contract between the parties should be construed as providing a commission to plaintiff of $1 per 1,000 on all white pine purchased, whatever the price paid, except in the event that plaintiff should request the defendant to bid in excess of $4 per 1,000, and up to $5, in which case the commission to plaintiff was to be correspondingly reduced, but that, if defendant saw fit to bid a price in excess of $4 on his own motion, the plaintiff became entitled to his own commission. We think this is not the correct construction of this agreement, and that the circuit judge correctly interpreted it. The amount of the bid is referred to in two places. In the first, Nester agrees to bid up to the amount of $4 per 1,000, and it is provided that, if the bid of the first party be accepted, and he become the purchaser, directly or indirectly, then the party of the first part agrees to pay to the party of the second part a commission of $1. per 1,000. What bid is here referred to? Evidently, a bid not exceeding $4 per 1,000. No other bid is mentioned, and, so far as this clause indicates, the parties did not have in mind the contingency for a higher bid. By the subsequent provision it is agreed by said first party that, at the option of said second party, he will bid any sum mentioned by him less than $5 per 1,000, and said second party's commission will be the difference between said sum and $5 per 1,000. The purpose of this provision was, doubtless, to give to plaintiff the power to set defendant in motion, and require him to bid up to $5 per 1,000, and to provide what the commission should be in case of a bid in excess of $4. No other provision had been made for any such bid.

Two other questions remain to be noticed. Defendant's counsel claim that an estimate made by Ed. Dorgan should be treated as conclusive, as he was named as arbitrator in the contract. It appears, however, that the estimate included white pine and Norway, and that they were not separately estimated; that Mr. Culver had no part in directing this estimate, nor was it reported to him. Under

these circumstances, we think this estimate was not conclusive.

The circuit judge directed the jury that, in ascertaining the price per thousand bid, the gross price should be divided by the number of thousand feet of white pine. Under this instruction no allowance was made for the 100,000 feet of Norway. This instruction was inaccurate, and would constitute error if the record disclosed that the plaintiff had furnished any basis on which to estimate the value of the Norway; but the record is silent on this point.

The judgment will stand affirmed. Neither party will recover costs in this court.

The other Justices concurred.