STATE SAVINGS BANK OF VASSAR *v.* MICHIGAN SAVINGS BANK.

1. GARNISHMENT — CERTIFICATES OF DEPOSIT NOT SUBJECT TO GARNISHMENT.

   Certificates of deposit, not due and being negotiable, are not subject to be reached by garnishment.[1]

2. INTERPLEADER—BANK ISSUING CERTIFICATES OF DEPOSIT MAY NOT MAINTAIN BILL OF INTERPLEADER.

   A bank issuing certificates of deposit which were not due and not in its possession when it was garnished could have protected itself by proper disclosure, and therefore

---

[1] Garnishment, 28 C. J. § 194; L. R. A. 1918C, 750.

it is not entitled to maintain a bill of interpleader to determine ownership thereof and put an innocent holder to delay, and cost in defending such suit.[2]

3. SAME—RELIEF OF EQUITABLE NATURE MUST BE ASKED.
    Since no relief of an equitable nature is asked in said bill, it cannot be claimed that it is one in the nature of a bill of interpleader.[3]

Appeal from Tuscola; Dingeman (Harry J.), J., presiding. Submitted June 10, 1926. (Docket No. 46.) Decided July 22, 1926.

Bill of interpleader by the State Savings Bank of Vassar, Michigan, against the Michigan Savings Bank of Vassar and another to determine the ownership of certain certificates of deposit. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Hewitt, Wixson, Brooker & Kern,* for plaintiff.

*H. H. Smith,* for defendants.

SNOW, J. The plaintiff bank, by bill of interpleader, seeks disposition to the rightful owner of about $650 it has in its possession. The money was deposited with plaintiff by one Leonard J. Shaw, to whom was issued three certificates of deposit. After the deposit the Farmers' State Savings Bank of Bay City, claiming a judgment for $285.90 against Mr. Shaw, garnisheed this account. After service of garnishee summons upon plaintiff, Shaw demanded payment of his certificates of deposit. It was refused. Later in the day his father presented the certificates, duly indorsed, for payment. It was again refused. The certificates were then taken across the street and sold to the defendant, the Michigan Savings Bank of

[2]Interpleader, 33 C. J. § 22; [3]Id., 33 C. J. § 6.

Vassar.   Upon being presented the next day in the bank exchange, payment was again refused by plaintiff.   The defendant bank later disposed of the certificates, one of them to Henry J. Guthard, who started suit against the plaintiff thereon.   The whereabouts and ownership of the other certificates are not positively known.   To determine which of the persons . claiming the deposit was entitled thereto, the plaintiff filed its bill, and from the decree of the trial court granting the relief prayed, the defendants Michigan Savings Bank of Vassar and Henry J. Guthard appeal.

Defendants claim that the certificates of deposit, not due, and being negotiable, are not subject to be reached by garnishment.   This contention is correct, and it was so held by the trial court.   *Littlefield* v. *Hodge,* 6 Mich. 326; *Sommers* v. *Losey,* 48 Mich. 294; *Karp* v. *National Bank,* 76 Mich. 679; *Serviss* v. *Washtenaw Circuit Judge,* 116 Mich. 191 (72 Am. St. Rep. 507) ; *Old Second Nat. Bank* v. *Williams,* 112 Mich. 568; Drake on Attachment (7th Ed.), §§ 582-592, inclusive.

The defendants further claim that, this being true, and the certificate not having been in the hands of the garnishee defendant (plaintiff bank) at the time of the service of the writ, the statute in such case confers no authority of garnishment upon the justice, and also that the plaintiff could have protected itself by proper disclosure in the garnishment proceeding.   The trial court, while conceding in the opinion filed the correctness of this contention, still regarded the plaintiff as a mere stakeholder of the Shaw deposit, and subject to the possibility of a multiplicity of suits against it, thereby causing it embarrassment and protracted litigation, and ordered a distribution of the money to its rightful owners so far as known, and awarded it costs of prosecution of its bill.

We think he was in error.   Bills of interpleader will not lie where the plaintiff has incurred an inde-

pendent liability to one of the defendants as it had in the instant case by issuing its certificate of deposit. *Detroit Trust Co.* v. *Hunrath,* 168 Mich. 190. Defendant Guthard was, for all intents and purposes, the holder and the owner for consideration of plaintiff's promise to pay a negotiable instrument issued by it. No one else was claiming to be its owner, and when he presented it he was entitled to have it paid without expense of litigation.

None of the certificates of deposit were the subject of garnishment. Plaintiff could have paid them on demand or properly protected itself in the garnishment case. It did neither. It cannot put an innocent holder of any of these certificates to delay, trouble, and cost in defending in an interpleader proceeding.

It cannot be claimed the bill is one in the nature of a bill of interpleader, as in such case some relief of an equitable nature must also be asked, which is not the fact in the instant case.

The decree of the trial court is reversed, and one dismissing plaintiff's bill will be entered, with costs of both courts to appellants.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.