# William Thompson v. School District Number Six of Crockery.

*Statute construed : Non-resident pupils : Tuition.* Before any action can be maintained under the statutes (*Comp. L., 1871*, §§ *3614, 3615, 3623*), for the tuition of non-resident pupils, the district board must first fix and determine the rate of tuition of such pupils; and this should be by resolution of the board, properly recorded by the director in the records of the district; and the fact that such action has been taken, cannot be shown, if objected to, by parol.

THOMPSON v. SCHOOL DISTRICT No. 6 OF CROCKERY.

*Recorder of Grand Haven: Jurisdiction.* Whether the recorder of the city of
  Grand Haven has jurisdiction, under the charter of that city, as *ex officio* jus-
  tice of the peace, to try an action for the tuition of non-resident pupils,
  brought by a school district, no part of which is included within the city:—
  *Quære?*

*Constitutional law: Supervisory jurisdiction of circuit courts: Common-law
  certiorari.* The constitution (*Art. VI.*, § *8*) confers upon the circuit courts a
  general supervisory control, subject to the appellate jurisdiction of the supreme
  court, over inferior courts and tribunals, like the recorder's court of the city
  of Grand Haven; and may issue a common-law *certiorari* to bring up for
  review the proceedings of such courts.

*Certiorari: Proceedings for obtaining writ: Jurisdiction.* Where the proceed-
  ings for obtaining a writ of *certiorari*, to bring up for review by the circuit
  court, proceedings of the recorder's court of Grand Haven, are taken in accord-
  ance with the provisions for removing causes from justice's courts by such
  writ, and the affidavit for the writ, the form of the writ, its allowance, and
  the bond, are sufficient for a common-law *certiorari*, the circuit court will
  acquire jurisdiction thereby to review the proceedings of the recorder, whether
  he is to be regarded as a justice of the peace or not.

*Certiorari: Practice in circuit court.* On *certiorari* to the recorder of Grand
  Haven, it is erroneous for the circuit court to dismiss the writ of *certiorari*
  without costs, on the ground that the judgment of the recorder was void for
  want of jurisdiction, without reversing or affirming the judgment, in whole
  or in part.

*Submitted on briefs July 13. Decided October 15.*

Error to Ottawa Circuit.

*Boynton & Pratt,* for plaintiff in error.

*Akeley & Stewart,* for defendant in error.

CHRISTIANCY, CH. J.

School district number six, of the township of Crockery
(no part of which is included in the city of Grand Haven),
brought a suit before the recorder of that city, against
Thompson, for the tuition of one of his children. The
summons was issued by the recorder as such, commanding
the defendant to appear before him in that capacity, and
the record is signed by him as such.

Objection was duly taken by the defendant to the
recorder's jurisdiction, both as to the person of the defend-
ant, and the subject matter. These objections were over

ruled, and the recorder proceeded to try the case, and rendered a judgment against the defendant Thompson.

Thompson then proceeded to remove the cause to the circuit court for the county of Ottawa, by writ of *certiorari*, taking his proceedings under the provisions of *Compiled Laws, 1857*, §§ *3868 to 3884*, in reference to *certiorari* from courts of justices of the peace.     By the return of the recorder, it appears that he claimed to have the power of a justice of the peace under the charter of the city of Grand Haven (*2 Sess. L. 1867, p. 488*, § *39*), and under section five of the justices' act, as amended in 1865 (*Sess. L. 1865, p. 156*), on the ground that the township of Crockery is an adjoining town to Spring Lake, and that the city comprises part of this township.

The circuit court disposed of the case by the following order :

"It satisfactorily appearing to the court now here, that the recorder of the city of Grand Haven had no jurisdiction over the person, or the subject matter in dispute, and that the judgment rendered by said recorder upon the trial of said cause, is wholly void, and of no effect, therefore, it is ordered and adjudged by the court now here, that the writ of *certiorari* be, and the same is hereby, dismissed, without costs to either party."

Thompson now brings the case to this court by writ of error, and assigns for error: 1st, that the judgment of the circuit court is inconsistent with, and contrary to, the finding of the court as stated in the judgment; 2d, that the court erred in not reversing the recorder's judgment, after finding that the recorder had no jurisdiction; and 3d, that the court dismissed the *certiorari* without affirming or reversing, in whole or in part, the judgment of the recorder, or giving costs.     It is true, the order dismissing the writ without reversing or affirming the judgment, and without

costs, if left to stand as the conclusion of law from the premises stated in it, would seem to be inconsequential and inconsistent with the premises. If the premises were correct, that the judgment of the recorder was void for want of jurisdiction, then the dismissal of the writ of *certiorari*, without reversing or affirming the judgment, in whole or in part, was clearly erroneous, if the circuit court had jurisdiction of the case under the writ of *certiorari*.

It is urged by the defendant in error that, if the recorder's court is not to be regarded as the court of a justice of the peace, under section thirty-nine of the charter (as plaintiff in error insists it is not), then, the *certiorari* issued by the circuit court, in conformity with the provisions of the justices' act, gave the circuit court no jurisdiction, because, as defendant in error insists, the circuit courts have not, like the supreme court, any general superintending or supervisory control over inferior courts and tribunals, so as to enable them to issue a common-law writ of *certiorari*. It is true that the statute organizing the circuit courts does not purport to give this power.—*Comp. L., 1857*, §§ *3418, 3423*.

But the constitution (*Art. VI.*, § *8*) seems to give to the circuit courts this power as clearly as section three of the same article gives it to the supreme court, subject, of course, to the appellate jurisdiction of the latter. And, though the proceedings for obtaining the writ seem to have been taken in accordance with the provisions of the justices' act for removing causes from the courts of justices of the peace, yet, the affidavit for the writ, the form of the writ, its allowance by the circuit court commissioner, and the bond, are sufficient, in all substantial respects, for a common-law *certiorari* from the circuit to the recorder's court, there being no statute requirement on the subject. The cir-

cuit court, therefore, we think, had jurisdiction of the case under the writ, to reverse or affirm the proceedings, whether the recorder is to be regarded as a justice of the peace or not.

The grounds on which the plaintiff in error claims that the recorder had no jurisdiction are: 1st, that the legislature had no constitutional power to make the recorder (who is elected as such for two years), *ex officio* a justice of the peace under the constitution (*Art. VI.*, § *17*), as by the thirty-ninth section of the charter they have undertaken to do (*2 Sess. L. 1867, p. 488*); and 2d, that the legislature could not confer the jurisdiction upon the recorder as a municipal court, under *Art. VI.*, § *1, of the Constitution,* neither party residing, nor the cause of action arising, within the city.

These are grave questions, which we do not feel authorized to decide until a case is presented which shall render such decision necessary. No such necessity exists in the present case; because, if these objections are well taken, and the recorder had no jurisdiction of the case, the circuit court should have reversed the judgment, with costs to the plaintiff in *certiorari*. If neither of these objections is well taken, and the recorder had the jurisdiction, his judgment was erroneous, and should have been reversed upon another ground.

The plaintiff (the school district), by its declaration, sought to recover for the tuition of the defendant's child. The only ground upon which the district could sue for tuition was, that the defendant, or his child, was a non-resident of the district. There was no allegation in the declaration, that defendant, or his child, was a non-resident, or that the district board had determined the rates of tuition for non-resident scholars, or that defendant had notice

of any such determination.    Defendant demurred to the declaration, and his demurrer was overruled by the recorder, and he pleaded the general issue.

The statute (*Comp. L., 1871,* § *3628*) provides that the district board "may admit to the district school non-resident pupils, and may determine the rates of tuition of such pupils, and collect the same." By *section 3614,* the director is made the clerk of the district board; and by *section 3615,* he is required to "record all the proceedings of the district, in a book to be kept for that purpose, and preserve copies of all reports made to the school inspectors, and safely preserve and keep all books and papers belonging to his office.".

We are satisfied that, under these provisions, the district board, before any action could be maintained for the tuition of defendant's child, must first have fixed and determined the rate of tuition of non-resident pupils, and that this should have been done by resolution of the board, as such; and that such resolution was not, by the statute, intended to rest merely in parol, or the recollection of members of the board, but that it should have been properly recorded by the director, in the records of the district.    The fact, therefore, was one requiring proof by the district record as the highest evidence, and could not be shown by parol, if objected to.    The defendant objected to such parol proof; but it was admitted without any excuse shown for the non-production of the record.    This, to say nothing of the demurrer, was clearly erroneous.    There was no allegation, and no legal proof, of the necessary determination by the district board, and, therefore, no cause of action alleged or proved.

The circuit court should, therefore, have reversed the judgment, with costs to the plaintiff in *certiorari,* whether the recorder had jurisdiction or not.

The judgment of the circuit court in dismissing the writ of *certiorari,* and the judgment of the recorder, must be reversed, and plaintiff in error must recover his costs in this, and the circuit court, and such costs as he may have paid in the recorder's court.

The other Justices concurred.