DARIUS W. LOREE v. GEORGE W. SMITH, DRAIN COM-MISSIONER, AND JOSEPH E. HUNTER, CLERK, OF THE TOWNSHIP OF RIDGEWAY.

*Drains—Determination of commissioner—Certiorari—Notice.*

1. The question of the estoppel of a land-owner, who seeks to review on *certiorari* the proceedings of a drain commissioner in cleaning out a drain, by reason of his knowledge that the drain was being cleaned out, and his admission of having received the benefit of the drain, is not open to consideration on a motion to dismiss the writ; citing *Rowe v. Rowe*, 28 Mich. 353; *Maybee v. Miner*, 44 Id. 207.

2. The order referred to in 3 How. Stat. § 1740e4, which provides for the review on *certiorari* of proceedings in establishing a drain, and that notice of such *certiorari* shall be served on the drain commissioner within 10 days after the determination of such commissioner in establishing the drain, is the order mentioned in 3 How. Stat. § 1740d8, which provides, that "upon the release of right of way and damages, or upon the determination and return of the special commissioners, or the order of the probate court, as the case may be, the drain com-missioner shall make his final order establishing the drain, and

shall give the same a name by which it shall be known and recorded."

3. Two unsigned documents, forming a part of the proceedings of a drain commissioner in cleaning out a drain, one purporting to be the determination by the commissioner of the necessity of granting the application, and the other his order and determination that the drain shall be cleaned out, are not such orders as are contemplated by 3 How. Stat. § 1740e4, and proceedings thereunder are subject to review under the common-law writ of *certiorari*.

Error to Lenawee. (Lane, J.) Argued March 9, 1894. Decided May 18, 1894.

*Certiorari* to review proceedings to clean out a drain. Plaintiff brings error from order dismissing the writ. Reversed, and cause remanded. The facts are stated in the opinion.

*Mains & Mains,* for appellant.

*Westerman & Westerman,* for defendants.

MONTGOMERY, J. The plaintiff in error sued out a writ of *certiorari* to review proceedings taken wherein an assessment was attempted to be made against plaintiff's property for benefits accruing to the property on account of cleaning out a drain. Notice of intention to sue out the writ was served on the 14th and 15th of November, 1892. The writ was allowed on December 10, 1892, and issued on December 19 of the same year. A motion was made by defendants in error to set aside this writ on the ground that notice of the intention to remove the proceedings to the circuit court for review by *certiorari* was not served within the time prescribed by statute. This motion was granted by the circuit court, and plaintiff in *certiorari* brings the record here for a review of that order.

The ruling of the circuit court was based upon 3 How. Stat. § 1740e4, which provides that—

" The proceedings in establishing any drain shall be subject to review upon *certiorari*, as herein provided. Notice of such *certiorari* shall be served on the commissioner within ten days after the determination of such commissioner in establishing any drain, as provided in section one of chapter 4, in the same manner as notice is required to be given of *certiorari* for reviewing judgments rendered by justices of the peace, and the writ shall be issued and served, and bond given and approved, and the subject-matter brought to issue, in the same time and manner, as near as may be, as in such cases provided. * * * If no *certiorari* be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity: *Provided further*, that, when such proceedings are brought, the commissioner shall postpone the letting of contracts and all other proceedings until after the determination of the court."

It will be noticed that the 10 days begin to run upon the determination of the commissioner in establishing the drain. Assuming that the time would begin to run at the date when an order was made for *cleaning out* a drain, the question remains whether any such order was made as would set this time running. The order which is mentioned in this section is to be a determination of the commissioner as provided in section 1 of chapter 4 of the act. This section, which is section 1740$d$8 of 3 How. Stat., provides: .

" Upon the release of right of way and damages, or upon the determination and return of the special commissioners, or the order of the probate court, as the case may be, the drain commissioner shall make his final order establishing the drain, and shall give the same a name by which it shall be known and recorded."

It is evident, from a reading of section 1740$e$4, that the order referred to is the order establishing the drain, or, in case of a widening or extending, a similar order for one of these purposes; for in the concluding portion of the section it is provided that, when a *certiorari* is brought,

"the commissioner shall postpone the letting of the contracts and all other proceedings until after the determination of the court." Upon an examination of the proceedings, we find that no such order was made. It is true that there are two unsigned documents, referred to in the brief of counsel for defendants in error as the first and second orders of determination, bearing date, respectively, as of September 5 and September 26. But we do not think it could be said that these unsigned documents are such orders as are contemplated by the provision which requires notice within 10 days after the making of an order If the tax-payer had been fully apprised of the filing of these unsigned orders, he would not have been bound to assume that any attempt would be made to proceed under them. This being so, these proceedings, which affect the rights of plaintiff in error, are subject to review under the common-law writ of *certiorari*. *Thompson v. School-Dist.*, 25 Mich. 483; *Merrick v. Township Board*, 41 Id. 631.

But it is said that, if this view be taken, still the common-law writ of *certiorari* is a discretionary writ, and the order of dismissal ought to be allowed to stand. It is said in the defendants' brief that the plaintiff was well aware that the drain was being reconstructed, and that, as he admits having received the benefit of this ditch, he ought not to be held entitled to this remedy. But this question was not open to consideration on a motion to dismiss the writ of *certiorari*. *Rowe v. Rowe*, 28 Mich. 353; *Maybee v. Miner*, 44 Id. 207.

The judgment of the circuit court dismissing the writ of *certiorari* is reversed, and the cause remanded for further proceedings.

The other Justices concurred.