FRACTIONAL SCHOOL DISTRICT NO. 1, PAW PAW AND ANTWERP TOWNSHIPS, v. YERRINGTON.

1. SCHOOLS AND SCHOOL DISTRICTS—NONRESIDENT PUPIL—LIABILITY OF PARENT FOR TUITION.

It is not necessary, in order to charge the father of a nonresident infant pupil for tuition, that notice of an intention to charge tuition, or of the adoption of a resolution fixing the rate of such tuition, should be given to the father by the district board.

2. SAME—REMEDY OF DISTRICT.

There is no force in the contention that the remedy of a graded school district for the nonpayment of tuition by a nonresident pupil is by the statute (Act No. 21, Pub. Acts 1891) limited to the expulsion of the pupil.

Error to Van Buren; Buck, J. Submitted January 16, 1896. Decided February 26, 1896.

*Assumpsit* by Fractional School District No. 1, Paw Paw and Antwerp Townships, against Charles E. Yerrington, to recover tuition for a nonresident pupil. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Titus & McNeil*, for appellant.

*T. J. Cavanaugh*, for appellee.

HOOKER, J.   The plaintiff, a school district, brought an action against the father of a nonresident infant pupil, for tuition, and appeals from an adverse verdict, directed by the circuit judge, upon the ground that it had "failed to prove that the defendant had any legal or sufficient notice that such tuition would be charged."   Counsel for the defendant contends that the direction to find a verdict was warranted, not only by the reason given, but by other reasons, viz. :

1. That the defendant was not shown to be a nonresident of the district.

2. That a resolution, declaring rates of tuition, had not been legally passed and recorded by the school board.

3. That the defendant had no notice of the adoption of such resolution.

4. That no agreement to pay such tuition was shown.

5. That the remedy was by expulsion of the pupil, and not by action.

The record shows that a resolution was passed and recorded, fixing rates of tuition for nonresident pupils. As the brief does not point out wherein this resolution or record was defective, we have no occasion to discuss it.

There was testimony showing that the defendant was a nonresident of the school district.

There is no evidence that notice of the existence of the resolution fixing rates of tuition was given to the defendant.   The defendant's daughter attended school during the school years of 1893 and 1894, during which period she lived in the family of a Mrs. Koons.   She was brought there by a Mr. Mosier, who was shown to be "county agent."   A week later the defendant came, and made arrangement by which she was to live there, and attend school, he to furnish her with clothes and to pay her expenses, aside from her board, which, under arrangement made between Mosier and Mrs. Koons, she was to work for.

Apparently, this is a case where a child living in one district is sent to another to "board and go to school."

In *Thompson* v. *School District*, 25 Mich. 483, the court held that, "before any action could be maintained for the tuition of defendant's child, the district board must have fixed the rate of tuition for nonresident pupils by resolution, duly recorded." There is nothing in the case that warrants the assertion that it was there held necessary to notify the defendant of the adoption or existence of the resolution, or that tuition would be charged. There is, in this case, however, evidence that the defendant was notified twice, by mail, that tuition was due, and two or three dollars was paid upon it. This was paid to the board by Mr. Titus. It does not appear why he paid it. We think it was unnecessary that notice of the adoption of the resolution, or of an intention to charge tuition, should be given. Every citizen should know that nonresident pupils have no right to share the school privileges with resident children, except by virtue of action taken by the board under the statute; and until the board has taken such action, and fixed the rates of tuition, the nonresident pupil has no right to attend. When such pupil does attend, the proper action having been taken by the board, there is no reason for denying compensation to the district, which the defendant impliedly promised to pay when he sent his daughter to the plaintiff's school. The adoption of the resolution and its proper record removed any disability of the district to sue which might otherwise have existed.

We think there is no force in the claim that its only remedy was by expulsion of the pupil.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.