MOORE v. McINTYRE.

1. DRAINS—LEGALITY OF PROCEEDINGS—ESTOPPEL.

Under 3 How. Stat. § 1740e4, providing that the proceedings for the establishment of a drain shall be subject to review on *certiorari* if brought within the prescribed time, but that, if not so brought, the legality of the proceedings shall not thereafter be questioned, a person assessed for benefits, to whom the statutory remedy was open, cannot, after the drain has been partially constructed, maintain a bill in equity to set aside the proceedings because of an alleged irregularity therein.

2. SAME—NOTICE—COMMON-LAW REMEDY—LACHES.

Though the statutory remedy by *certiorari* was unavailable, for want of notice of the action of the authorities, to one so assessed, he is precluded from a review of the proceedings by the common-law writ, if, after acquiring knowledge thereof, he fails to act with reasonable promptness; and the same rule is applicable where it is sought to attack the proceedings by bill in equity.

Appeal from Ingham; Person, J.   Submitted June 10, 1896.   Decided July 21, 1896.

Bill by William S. Moore and Charles Foler against George McIntyre, county drain commissioner, and George Dell, township treasurer, to set aside the proceedings for the establishment of a county drain.   From a decree dismissing the bill, complainants appeal.   Affirmed.

*A. M. Cummins*, for complainants.

*Lawton T. Hemans*, for defendants.

MONTGOMERY, J.   This bill is filed to set aside certain

drain proceedings, and to compel the refunding of a tax paid under protest. The decree of the court below dismissed the bill of complaint, and complainants appeal. The drain in question is an extensive improvement in the interior of Ingham county, involving an outlay of some $6,000. The application for the construction of the drain was filed with the drain commissioner October 5, 1891. In November, 1892, a survey of the drain on the line proposed in the application was made. March 18, 1893, the drain commissioner made his first order of determination, and on September 12, 1893, filed with the probate court a petition for the appointment of special commissioners on the drain. A citation was duly served, and one of the complainants appeared in court. A claim is made, however, that the citation was informal and insufficient, and did not confer jurisdiction upon the court to proceed. The special commissioners found no damage to the complainants in the taking of the right of way, and no damages were awarded.

It appears that every step required by the statute relative to the construction of drains has been taken. The complaint made is not of the absence of proceedings, but of the informality and irregularity of those taken. No steps whatever were taken by complainants to test the legality of the errors of which they now complain until the first year's assessment had been paid, and the drain was well along in the course of its construction. The answer shows that nearly $3,400 of the tax has been paid, and that the ditch has not been constructed for its full length, so that, if its construction were now arrested, more than one-half of those who have paid their tax in these proceedings would derive no benefit therefrom.

Section 1740e4, 3 How. Stat., provides for a review of the proceedings to lay out a drain by *certiorari*, and provides that—

"If no *certiorari* be brought within the time herein prescribed, the drain shall be deemed to have been legally

established, and its legality shall not thereafter be questioned in any suit at law or equity; *Provided further*, that, when such proceedings are brought, the commissioner shall postpone the letting of contracts, and all other proceedings, until after the determination of the court."

It is contended that this provision does not apply to jurisdictional defects. It is true, there may be cases where the action of the authorities is taken without any notice whatever, in which the statutory remedy by *certiorari* may not be possible of application, and in which a common-law *certiorari* may be open. See *Loree* v. *Smith*, 100 Mich. 252. In such case the injured party will always be required to act promptly on knowledge of the proceedings coming to him; and in the present case, if the proceedings were by common-law writ of *certiorari*, the doctrine of laches would defeat the remedy sought by these complainants. The learned circuit judge very pertinently said in this case:

"One who will thus keep silent to the injury of the public and of his neighbors might well be held estopped by his own inaction. His conduct is opposed to natural justice. To avoid such loss to the public and injury to individuals, the legislature has aimed to settle finally and forever all questions relating to the establishment of drains, before the distinct branch of construction and taxation should be entered upon. The purpose is wise and beneficial, and the law should be applied as effectually as possible."

We have repeatedly held that the owner of land who sits by when improvements are being made under statutory authority, knowing that the only method of compensating those who perform the labor is by an assessment for benefits, cannot, after the benefits have been reaped, resort to a court of equity for redress. *Byram* v. *City of Detroit*, 50 Mich. 56; *Lundbom* v. *City of Manistee*, 93 Mich. 170; *Goodwillie* v. *City of Detroit*, 103 Mich. 283; *Atwell* v. *Barnes*, 109 Mich. 10.

We think this case falls within the principle of the

cases cited, and the decree of the court below will be affirmed, with costs.

LONG, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.