# SULLIVAN *v.* DISTRICT OF COLUMBIA.

APPELLATE JURISDICTION; CERTIORARI; POLICE COURT.

While under section 11 of the act of Congress of February 9, 1893 (27 Stat. 434) this court has authority to issue the writ of *certiorari* as ancillary process in aid of its appellate jurisdiction, it has no power to issue the original common-law writ of *certiorari* to remove into this court the proceedings in a criminal case pending in the police court; the only power this court can exercise over convictions in that court being strictly of an appellate character, by writ of error based on bill of exceptions under the act of March 2, 1897.

No. 1093.  Submitted October 2, 1901.  Decided January 7, 1902.

HEARING on a motion by the District of Columbia to dismiss a writ of *certiorari* to the police court, which had been granted on an *ex parte* application.                              *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Andrew B. Duvall* and *Mr. Clarence A. Brandenburg* for the motion.

*Mr. Lorenzo A. Bailey* opposed:

1. The act of Congress of March 2, 1897 (29 S. L. 607) provides that the judgment of the police court shall be final except as therein provided; but that does not apply to this

case, in which no judgment has been rendered. The police court, after overruling the motion for new trial and in arrest of judgment, continued the case for sentence and went no further. The intervention of this court is sought now by the only available method, to prevent the police court from going any further.

*Certiorari* lies as well before as after judgment to determine whether the proceedings are without jurisdiction *or not according to law. Bond* v. *Hardware Co.,* 15 App. D. C. 72, 74. Where a statute does not expressly take away a *certiorari* and direct that no *certiorari* shall issue, the court will grant one, the writ of *certiorari* being considered as beneficial to the subject. 1 Chitty Crim. Law, 374. The existence of a remedy by appeal or writ of error is no bar to *certiorari* when applied for in proper time. Spelling, Extraordinary Relief, Sec. 1928; 4 Encyc. of Pl. & Pr. 36, 50. So, where the right of appeal has been lost through inadvertence, accident or mistake. *Hendley* v. *Clark,* 8 App. D. C. 165; *Ex parte Siebold,* 100 U. S. 37. Although, after judgment, the granting of the writ of *certiorari* rests in the discretion of the court, yet, after the writ has been granted, and the record certified in obedience to it, the questions arising upon that record must be determined according to fixed rules of law, and their determination is reviewable on error. *Harris* v. *Barber,* 129 U. S. 366; *District of Columbia* v. *Libbey,* 9 App. D. C. 321; Spelling, Extraordinary Relief, Sec. 1907.

2. This proceeding by *certiorari* is not a collateral attack upon the proceedings in the police court. *Latney* v. *United States,* 29 W. L. R. 364. It is a direct proceeding to secure the exercise of the supervisory power of this court to protect the petitioner from a sentence not authorized by law. The objections to the proceedings in the police court are not as to matters of form, as in *Frisbie* v. *United States,* 157 U. S. 160, cited in *Latney* v. *United States, supra,* but are such as could have been presented by demurrer, and are good grounds for arrest of judgment. Any want of sufficient certainty in the indictment respecting the offense, which is ma-

terial to support the charge, as well as the circumstances of no
offense being charged, will cause the judgment to be arrested.
1 Bish. Crim. Proc., Sec. 1108, and cases in note 3; 1 Chitty
Crim. Law, 661. The verdict in criminal cases does not cure
substantial defects in the indictment. Any objection which
would be fatal on demurrer will be equally so on motion in
arrest of judgment, " and it is usually reserved until this
time in order to obtain the chance of an acquittal." Criminal
proceedings are not aided by the statute of jeofails or amend-
ments. 1 Bish. Crim. Proc., Sec. 1109, and note 5; 1 Chitty
Crim. Law, 662; 4 Blackst. Comm. 375; *Lutz* v. *Commis-
sioner,* 5 Casey, 441, 444. Defective description of an offense
is not cured by verdict, but is ground for motion in arrest.
So as to any defect of substance or which would be fatal on
general demurrer. 12 Am. & Eng. Encyc., 147 b and c; *State*
v. *Gove,* 34 N. H. 510; *Rice* v. *State,* 3 Kan. 141; 90 N. Car.
714; 16 Fed. Rep. 765. Even where the defendant waives
the motion in arrest of judgment, yet if the court,
upon a review of the whole case, are satisfied that he has not
been found guilty of any offense in law, they will, of them-
selves, arrest the judgment. 1 Chitty Crim. Law, 663, and
note. If the facts charged in an indictment do not constitute
a crime, the court will direct the judgment to be arrested,
although the defendant has pleaded guilty. Idem.

3. The information, for want of the averments that the
defendant was not a hotel-keeper, etc., wholly fails to charge
any offense over which the police court has jurisdiction. It
is impossible to read properly the clause creating the offense
of selling liquor on Sunday (29 S. L. 563) without reading
the exception in favor of hotel-keepers. By such omission a
different and more comprehensive offense is created. *The
State* v. *Nutwell,* 1 Gill, 54; *Kiefer* v. *State,* 87 Md. 562;
*Franklin* v. *State,* 12 Md. 236, 244, 249; *Mills* v. *Kennedy,*
1 Bailey (S. Car.), 17; *Matthews* v. *State,* 2 Yerger, 233;
*State* v. *Craft,* 1 Walk. (Miss.) 409; *United States* v. *Wins-
low,* 3 Sawyer, 337; *State* v. *Jarvis,* 67 Minn. 10; *State* v.
*Ravenscroft,* 62 Mo. App. 109; 1 Wharton Crim. Law, Sec.

378, and cases cited; 1 Bishop Crim. Proc., Secs. 636 to 641, inc.; Bishop Stat. Cr., Sec. 1044, and cases cited; *United States* v. *Cook,* 17 Wall. 168, 176.

4. The failure to negative an exception contained in the statute is a defect going to the sufficiency of the complaint to state an offense, and is not waived by failure to make the objection in the trial court. *State* v. *Tracy,* 84 N. W. 1015 (Minn.). The defendant may take advantage of such defect primarily in an appellate court. *Brown* v. *State,* 27 So. 869 (Fla.). This right of the defendant is constitutional and not personal. 3 Wharton Crim. Law, Sec. 3217; *United States* v. *Bicksler,* 1 Mackey, 341, 347.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There is a motion made in this case that the writ of *certiorari* issued out of this court to the police court, be dismissed, and we think the motion must prevail. It is very clear, this court has no jurisdiction of the case as presented on the record before us.

In the police court of this District an information was filed against the petitioner for the *certiorari,* charging that he was the keeper of a licensed barroom in this District, and that on November 18, 1900, " he did then and there keep and have his said place for the sale of and did sell intoxicating liquors on said day, the said day being Sunday," in violation of the act of Congress of March 3, 1893, etc.

Upon this charge the petitioner demanded a jury trial, and such trial was accordingly had, but the jury disagreed and were discharged. Thereafter a second jury trial was had, which resulted in a verdict of guilty. The petitioner then filed motions for new trial and in arrest of judgment, but both motions, after argument, were overruled, and the case was held over for sentence. But before sentence was passed, a petition was filed in this court praying a writ of *certiorari,* to move the record of proceedings into this court, and the writ, on *ex parte* application, was allowed to issue.

In the petition for the writ, it is alleged that the information filed in the police court did not sufficiently set forth any offense against the statute, and that said court was therefore without jurisdiction. That no exceptions were taken by the petitioner in the police court " by reason whereof and by inadvertence, as he is advised, he is unable to obtain a review by this court of the proceedings by writ of error; nor was he advised until after the overruling of said motions, of the insufficiency of the said information and the illegality of said proceedings." Filed with the application to this court, are certain affidavits of persons who, as they state, were in the police court during the trial, and as they recollect the testimony of witnesses who testified in the trial, they state that certain facts and circumstances were proved to the jury by witnesses examined before them. The only purpose for which such affidavits were filed, as we suppose, was to induce this court to determine upon the question of the supposed legal insufficiency of the evidence to support the verdict of the jury; and thus have set aside the verdict of the jury finding the petitioner guilty.

The District of Columbia has moved to dismiss the writ of *certiorari*, because there was no exception reserved to the ruling of the police court, and because this court has no jurisdiction to review the action of the police court upon writ of *certiorari*.

This court is a court of appellate jurisdiction, with no original common law jurisdiction in matters criminal out of which the common law writ of *certiorari* can issue to remove the record and proceedings of a court of an inferior criminal jurisdiction, by virtue of any supervisory power existing in it. There is no statute conferring any such power upon this court; and, according to the common law proceeding by *certiorari*, this court has no power to issue the writ, except as ancillary to the right of appeal or writ of error, in order to perfect the record brought into this court by means of appeal or writ of error.

According to the English law, the writ of *certiorari* is an original writ, issuing out of the King's Bench, in matters

criminal, directed to the judges or officers of inferior courts, commanding them to return the record of a cause depending before them, to the end that the party may have the more sure and speedy justice, or such justice as may be right in the premises. Bac. Abr. *Certiorari*, tit. A. Or, as said in 1 Tidd's Prac. 398, "as the King's Bench and Common Pleas have the superintendence of all inferior jurisdictions, their proceedings are removable into these courts, in order that the judges may inspect the record, and see whether they keep within the limits of their jurisdictions." The distinction in respect to the power of issuing the writ for the purpose of removing the record from an inferior to a superior jurisdiction, in order that the former shall not transcend or abuse its jurisdiction, and the issuing of the writ for mere ancillary purposes, is clearly stated in the cases of *United States* v. *Adams,* 9 Wall. 661, 663; *Scott* v. *Hall,* 2 Munf. 229; *Thatcher* v. *Miller,* 11 Mass. 413; *Reed* v. *Curry,* 40 Ill. 73; *State* v. *Glenn,* 54 Md. 572–609; 3 Am. & Eng. Encyc. of Law, tit. *Certiorari,* p. 67.

While the purposes for which the writ may issue are alike both in the American and the English law, the source of the power under which the writ is issued in England is quite different from that under which it issues in this country, as a supervisory means. As was said by the Supreme Court, in *Ex parte Vallandigham,* 1 Wall. 243, " In England, the Court of King's Bench has a superintendence over all courts of an inferior criminal jurisdiction, and may, by the plenitude of its power, award a *certiorari* to have any indictment removed and brought before it; and where such *certiorari* is allowable, it is awarded at the instance of the King, because every indictment is at the suit of the King, and he has a prerogative of suing in whatever court he pleases. But the courts of the United States derive authority to issue such a writ from the Constitution and the legislation of Congress." In this country, generally, in the absence of negative or substitutionary provisions of statutes, the State courts of general original common law jurisdiction have and exercise an inherent authority to revise the proceedings

of inferior jurisdictions on *certiorari*, according to the course
of the common law. Such process, however, must go from a
court of general original common law jurisdiction, unless
otherwise expressly provided by statute. *Miller* v. *School
Trustees*, 88 Ill. 26; *Thompson* v. *School District*, 25 Mich.
483; *Lessee* v. *Ink*, 9 Ohio, 142.

In the case of *Ex parte Vallandigham, supra*, the applica-
tion for the allowance of the *certiorari* by the Supreme Court
was pressed upon the contention that the Supreme Court,
by the 14th section of the Judiciary Act of 1789, had power
to issue the writ of *certiorari* in the exercise of its original
jurisdiction. The contention was based upon the peculiar
language of the section, which declared " that the courts of
the United States shall have power to issue writs of *scire
facias, habeas corpus, and all other writs* not specially pro-
vided for by statute, *which may be necessary* for the exer-
cise of their respective jurisdictions, according to the princi-
ples and usages of law." It was supposed that because the
Supreme Court could exercise original jurisdiction in certain
cases, that, therefore, the court had power to use the writ of
*certiorari* to reach and bring under review the proceedings
of the military commission under which Vallandigham was
tried and convicted. But it was held that the power to issue
the writ could not be exercised by virtue of any original juris-
diction possessed by the court; and it was not contended that
such power could be exercised by virtue of any appellate juris-
diction possessed by it. This court, as an appellate court,
by section 11 of the organic act of 1893, is given power " to
issue all necessary and proper remedial prerogative writs *in
aid of its appellate jurisdiction"*; and while this provision
is full authority for issuing *certiorari* as ancillary process,
yet it does not by any means authorize this court to issue the
original common law writ of *certiorari* to remove into this
court the proceedings in a criminal case pending in the police
court. All the power that this court can exercise over con-
victions in the police court is strictly of an appellate charac-
ter, by writ of error, when questions arising in the course of
the trial are regularly presented and reserved by bill of ex-

ceptions, as directed by the statute. Act of Congress, March 2, 1897. It has no power over inferior jurisdictions, except that conferred by statute; and that, as we have said, is of an appellate character.

In this case there has been no judgment entered by the police court on the verdict; and upon the assumption that a writ of *certiorari* would be proper on such state of record, it could be applied for and obtained at any and all stages in the proceeding; and thus wholly defeat the policy, and the special provisions of the statute prescribing the terms and conditions upon which a writ of error can be allowed on exceptions and from final judgment to this court. But clearly no such power exists. *Patterson* v. *United States*, 2 Wheat. 221.

In no view of the case, therefore, can the *certiorari* be sustained, and it must therefore be dismissed; and it is so ordered.                          *Certiorari dismissed.*