TOWNSHIP OF BLUMFIELD *v.* BROWN.

DRAINS—CERTIORARI TO REVIEW PROCEEDINGS.

> *Certiorari* will not lie to review proceedings taken by a drain
> commissioner to lay out a drain unless notice is served upon
> the commissioner within 10 days after his final order establish-
> ing the drain.

Error to Saginaw; Beach, J. Submitted April 22, 1902.
(Docket No. 103.) Decided May 8, 1902.

*Certiorari* by the township of Blumfield against Alonzo
M. Brown, drain commissioner of Saginaw county, to re-
view certain drain proceedings. From an order dismissing
the writ, relator brings error. Affirmed.

*W. F. Denfeld*, for appellant.

*James H. Davitt*, for appellee.

GRANT, J. This case is brought to this court by *cer-
tiorari* to review proceedings taken by the drain commis-
sioner of Saginaw county to clean out, widen, and deepen
a part of a public drain. The sole claim of plaintiff in
*certiorari* is that the petition is fatally defective, and
conferred no jurisdiction.

The order based upon the petition was made February
18, 1901, while the application for writ of *certiorari* was
not made until April 30th. The statute provides that
notice of the *certiorari* shall be served on the commis-
sioner within 10 days after his determination, and that,
if no *certiorari* has been brought within the time pre-
scribed, its legality shall thereafter not be questioned in
any suit at law or in equity. Plaintiff claims the right to
a common-law *certiorari*, and that it is not limited by
the statute. It is within the power of the legislature to
limit the time within which writs of *certiorari* may be
issued. The statutes afford abundant instances of this

kind. See 1 Comp. Laws, §§ 936, 1047, 2764. The legislature has not taken away the right to review the proceedings by *certiorari*, but only has limited the time within which parties must proceed. The purpose of the statute is to obtain speedy determination of suits begun to test the validity of the proceedings, and to avoid "the law's delays," and the incurring of further expense until the validity of the proceeding is beyond controversy. The township was duly served with notice of the proceedings and of soliciting bids, and its proper officer was present when contracts were let. The township did not move seasonably. *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130), where, in an opinion written by my Brother MONTGOMERY, it was shown under what circumstances the common-law *certiorari* may be open, viz., where the statutory remedy is not possible of application. Such a case was *Loree* v. *Smith*, 100 Mich. 252 (58 N. W. 1015), where no order was actually made which would set the time running.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.