### JACOBS *v.* WAYNE CIRCUIT JUDGE.

1. JUSTICES' COURTS—JURISDICTION—CERTIORARI.
   Where a defendant appears and pleads to the jurisdiction of a justice of the peace, which issue is decided against him, and no appeal is taken or notice given of an intention to remove the cause to the circuit court by *certiorari* within five days, as provided by statute, the common-law writ of *certiorari* will not lie to review the decision.

2. SAME.
   The common-law writ of *certiorari* will lie to remove a case from justice's court only where the statutory remedy is impossible of application.

3. SAME—MANDAMUS.
   *Mandamus* will lie to compel a circuit judge to dismiss a common-law writ of *certiorari* issued to a justice of the peace, where the party was not prevented from appealing or obtaining the statutory writ by circumstances beyond his control.

*Mandamus* by Abram Jacobs to compel Flavius L. Brooke, circuit judge of Wayne county, to dismiss a writ of *certiorari*. Submitted November 18, 1902. (Calendar No. 19,595.) Writ granted December 29, 1902.

The relator brought suit in justice's court against the Grand Trunk Railway Company for breach of a contract of carriage. The first summons was not served. An *alias* summons was issued and duly served. The defendant appeared. Several adjournments were had. On the day of the final adjournment, plaintiff filed his declaration. Defendant filed a plea to the jurisdiction, alleging that the cause of action accrued in Canada, that the defend-

ant was a foreign corporation, and that therefore the justice had no jurisdiction. Issue was joined upon this plea, proofs were taken, and the plea was overruled. The defendant thereupon appeared no further in the case, and on June 17, 1901, a judgment was rendered against it for $104.39. About two weeks afterwards, application was made to the circuit court for leave to appeal, and was denied. On August 2, 1901, the company made an application for the writ of *certiorari*, alleging want of jurisdiction in the justice's court for the reason above stated. The respondent allowed the writ. Relator thereupon moved to dismiss the writ, which motion was denied, and he now seeks to compel the dismissal of the writ of *certiorari* by the writ of *mandamus* from this court. In denying the motion the respondent stated that he doubted the authority of the court to allow the writ.

*Bowen, Douglas & Whiting* and *James O. Murfin,* for relator.

*E. W. Meddaugh* and *L. C. Stanley,* for respondent.

GRANT, J. (*after stating the facts*). 1. The railway company knew, or should have known, of the judgment rendered against it in season to transfer the case to the circuit court by one of the statutory methods,—appeal or *certiorari*. It is not claimed that it was prevented from taking such steps by circumstances beyond its control. It could have appealed generally or specially, or procured a writ of *certiorari*, in accordance with section 935 *et seq.*, 1 Comp. Laws. Instead, it chose to wait nearly two months, and then apply for the common-law writ of *certiorari*. The want of jurisdiction does not appear upon the face of the proceedings. It was a question of fact, to be determined by the proofs showing where the cause of action arose, and whether the company was a foreign corporation. The justice's court decided this question of fact against the company upon the evidence before it. Under the statute (section 936, 1 Comp. Laws), the company was

required to give the justice notice in writing, within 5 days after the rendition of the judgment, of its intention to remove the cause to the circuit court by *certiorari*, and to make its affidavit therefor within 30 days. If the contention of the company be sustained, it follows that every case which can be taken to the circuit court by the statutory writ of *certiorari* can also be taken there by the common-law writ. If this be so, the statute is useless.

In the review of drain proceedings by the writ of *certiorari*, we held that the common-law writ is open only in cases where the statutory writ is not possible of application. *Township of Blumfield* v. *Brown*, 130 Mich. 504 (90 N. W. 284); *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130). The same reason for limiting the time for obtaining the writ in drain proceedings applies with equal force to suits before justices of the peace, and is sufficiently stated in *Township of Blumfield* v. *Brown*. Where the statutory remedy is gone, and the party aggrieved had no knowledge of the suit, it is held that the common-law writ may issue, in order to prevent a miscarriage of justice. *Withington* v. *Southworth*, 26 Mich. 381; *Adams* v. *Abram*, 38 Mich. 302; *White* v. *Boyce*, 88 Mich. 349 (50 N. W. 302). Clearly, the sole purpose of the statute is to compel a party to proceed seasonably if he chooses to adopt the remedy by *certiorari*, and to avoid the long delay incident to the use of the writ under the common-law practice. The statute does not take away the right to issue the writ, but only limits the time within which parties must proceed. We think the only exception to proceeding under the statute is where the party aggrieved has had no opportunity to proceed under it. This is not a case where the court may exercise its discretion in issuing the writ. The question is whether the statute compels a party to proceed under it when he has ample opportunity to do so. The company had lost its right to the writ of *certiorari*.

2. It is also urged on behalf of respondent that *mandamus* is not the proper remedy. This court has, without

exception, entertained jurisdiction to dismiss appeals from justice's court when allowed by the circuit court after the expiration of five days, where the party was not prevented from appeal by circumstances beyond his control. We see no reason why we should not adopt the same rule where the party has ignored that remedy, and seeks another, where he has chosen to ignore the plain provision of the statute regulating the practice in such cases.

The writ will issue, with costs.

The other Justices concurred.