### HENDERSON v. BLENKIRON.

(Circuit Court of Appeals, Eighth Circuit. July 3, 1922.)

No. 6066.

1. Equity ⬳66—Petitioner to set aside settlement and restore judgment held not entitled to relief on refusing to return money paid under settlement.

In a petition to set aside a settlement and restore judgment, treated as a proceeding in equity, petitioner, who neither returned the money received under the settlement nor stated any reasons for not doing so, was not entitled to relief, as petitioner, seeking equity, must do equity.

2. Compromise and settlement ⬳19(3)—Movant, filing motion to set aside settlement and restore judgment after time for new trial and appeal expired, held estopped.

Plaintiff, who waited for over three months before repudiating a settlement of a judgment, stating no reason for not acting sooner, and having full knowledge of all the facts immediately after the settlement, the defendant, relying on the compromise, abandoning all steps necessary to secure a new trial or prosecute a writ of error, was estopped from maintaining a proceeding to set aside the settlement and restore the judgment.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by John Henderson against J. C. Blenkiron. From a decree denying a motion to set aside a settlement and restore a judgment, plaintiff appeals. Affirmed.

J. U. Sammis, of Sioux City, Iowa (C. F. Tym, of Mitchell, S. D., and C. M. Stilwill, of Sioux City, Iowa, on the brief), for appellant.

Charles O. Bailey, of Sioux Falls, S. D. (John H. Voorhees, Peter G. Honegger, Theodore M. Bailey, and Charles O. Bailey, Jr., all of Sioux Falls, S. D., on the brief), for appellee.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. For convenience the parties to this appeal will be referred to as they appeared in the court below; the appellant as plaintiff, and the appellee as defendant. This is an appeal from a decree denying a motion entitled "to set aside a settlement and restore a judgment." The judgment was at law in favor of the plaintiff for the sum of $45,000 for alienation of the affections of his wife. Although the petition was filed in the law action, the parties treated it as a proceeding in equity, the final order of the court is entitled "a

decree," and the proceeding in this court is on appeal. We will therefore treat it as an appeal in a proceeding in equity, as the parties have so treated it.

Most of the argument has been confined to the rights of the attorneys of the plaintiff to a lien on the judgment for their services in prosecuting the original action, and the memorandum opinion of the learned trial judge is confined to that question only, holding that, for reasons stated in the opinion, the attorneys are not entitled to any lien on the judgment, after it had been compromised.by the parties and satisfied of record. But no such issue was tendered by plaintiff's petition. The only ground charged in the petition is that "the satisfaction of the judgment was obtained through duress and fraud practiced upon the complainant."

While the evidence establishes beyond question that the settlement was obtained by false and fraudulent representations, as was found by the trial judge, the evidence furthermore establishes that the plaintiff received from the defendant $10,000, $1,000 in money and $9,000 in bank drafts; that the judgment sought to be reinstated was rendered on April 24, 1920; that the defendant desired to file a motion for a new trial in that cause, and, if denied, to prosecute a writ of error to this court; that in order to enable him to prepare his motion for a new trial, and a bill of exceptions in case of a denial thereof, the trial judge granted time several times and stays of judgment. While these stays were in force the settlement was made with plaintiff, and thereupon the stenographer was ordered not to finish the transcript of the proceedings of the trial, and the filing of a motion for a new trial, and, in case of its denial, the intended prosecution of a writ of error, were abandoned. The motion in this proceeding was filed March 2, 1921, after the time within which the motion for a new trial and the filing of a bill of exceptions had expired; nor was any of the money received by the plaintiff, Henderson, from the defendant, in settlement of the judgment brought into court or tendered to the defendant.

[1] Upon those facts plaintiff is not entitled to any relief. "He who seeks equity, must do equity." Plaintiff should have returned the money received, or in his motion, which is in effect a bill of complaint in equity, stated some reason for not doing so. He did neither.

[2] Plaintiff is estopped from maintaining this proceeding. He waited for over three months before he took any steps to repudiate the settlement, without stating any reason whatever for not acting sooner, as he had full knowledge of all the facts immediately after the settlement was made. The defendant, relying on the compromise, abandoned all steps necessary to apply for a new trial, prepare his bill of exceptions, and prosecute a writ of error to have the judgment reversed, if prejudicial error was committed during the trial, as claimed.

The decree denying the petition and dismissing it was right, and is affirmed.