*In re* PETITION OF AUDITOR GENERAL.

OBJECTION OF PARSONS.

1. Equity—Jurisdiction.

    Jurisdictional questions may be raised in proceedings in equity at any time.

2. Drains—Apportionment of Benefits—Hearing.

    Notice received by landowner, but not addressed to him personally, that a final or adjourned hearing on percentages on a certain drain was to be held on a date 27 days after date of notice failed to comply either as to content or manner of service with statutory requirement as to notice of public meeting for review of apportionment of benefits which meeting must be 5 to 30 days after date set for receiving bids (CL. 1948, § 266.4).

3. Notice—Objections.

    One objecting to the sufficiency of a notice is chargeable with notice, where there is just ground for inferring that reasonable diligence would have led the objector to the discovery of the truth (CL 1948, § 266.4).

---

References for Points in Headnotes

[1] 19 Am Jur, Equity § 26.
[2-5] 17 Am Jur, Drains and Sewers §§ 76–78.
[3] 39 Am Jur, Notice and Notices § 12.
[7] 19 Am Jur, Equity § 463.

4. Drains—Notice—Assessment for Benefits—Estoppel.

Owner of land which county drain commissioner subjected to assessment for benefits from intercounty drain was not estopped from obtaining equitable relief from commissioner's failure to comply with the pertinent statute as to notice required as. to review of assessment for benefits, where objecting owner upon receipt of an insufficient notice directed an inquiry to the drain commissioner but received no reply (CL 1948, § 266.4).

5. Same—Taxes—Jurisdiction—Notice.

A county drain commissioner is without jurisdiction to levy a drain tax where he has failed to comply with statutory provisions as to service of notice upon landowners with respect to assessment for benefits (CL 1948, § 266.4).

6. Same—Taxation—Sale of Lands—Equity.

The sale of lands for nonpayment of delinquent drain assessments is a proceeding that is equitable in nature.

7. Equity—Maxims.

One who seeks equity should be required to do equity.

8. Drains—Vacation of Tax—Prejudice.

Vacation of drain taxes improperly assessed for an intercounty drain is made without prejudice to any proper proceedings with respect to apportionment of benefits to the land involved.

Appeal from Tuscola; DesJardins (George W.), J. Submitted October 10, 1951. (Docket No. 72, Calendar No. 45,227.) Decided January 7, 1952.

In the matter of the petition of Auditor General for sale of certain lands for taxes. Elbern Parsons objected thereto. Decree dismissing objection. Objector appeals. Reversed.

*Timothy C. Quinn,* for petitioner.

*Elbern Parsons, in pro. per.*

Bushnell, J. Elbern Parsons is one of the owners in fee of the south ½ of the northeast ¼ of section 11, town 11 north, range 11 east, in the township of

Koylton, Tuscola county, Michigan.  He acquired
this property in 1933 from his mother-in-law, Anna
Baldwin.

The premises were listed as tax delinquent because
of the nonpayment of the second instalment of an
assessment levied to pay for cleaning out, deepening,
widening and straightening White Creek No 2 and
South Branch No 2 White Creek, an intercounty
drain.  Parsons said he paid the first instalment of
this drain tax after a decree for sale of the property,
because it was too late for him to prepare and file
objections.  He stated that he let the second instal-
ment go to tax sale in order to "take this method to
test the validity of the tax."

Parsons has resided at 530 Marshall street, East
Lansing, for the past 8 years.  He testified that an
envelope postmarked at Caro, Michigan, on July
17, 1947, addressed to Baldwin Estate, Kingston,
Michigan, was delivered at his home.  It contained
a paper dated July 16, 1947, and captioned:  Ed-
mund Miller, County Drain Commissioner, Tuscola
county, Caro, Michigan.  This paper read:  "Tues-
day, August 12, 1947, the final or adjourned hearing
on percentages on White Creek No 2 drain will be
held at southwest corner, section 16, Kingston town-
ship, county of Tuscola, or such other place as the
drainage board may adjourn the same."

Parsons said this was the first time he had ever
heard of White Creek No 2 drain, and that he did
not own any land in Kingston township.  Being
anxious to learn whether the proceedings had any
relation to his property, he wrote a letter to the
county drain commissioner, reading as follows:

"I am in receipt of notice from your office of a
hearing on the percentage of White Creek No 2
Drain for August 12.  On that date I will probably
be on my way to Bessemer, Michigan, to attend the
trial of a case in behalf of the State, and that there-

fore find it impossible to be at the hearing conducted by your office on the date mentioned. I would appreciate information as to the proposed percentage or possible cost as to the south half of the northeast quarter, Kingston township, *(sic)* that being the description in which I am interested."

He never received a reply to this letter, and testified that he had no personal knowledge of the location of White Creek No 2 drain, although he knew that an open drain passed through the township some distance from his Koylton township farm.

Parsons and his wife had conveyed an 80-acre parcel sometime prior to 1947 to Earl Spear and wife. This land, located about a mile north of Parsons' property, had at one time been owned by a man named Baldwin. Parsons said he thought it was possible that the notice might have been intended for Mr. Spear. He therefore paid no attention to the matter until he discovered that a tax had been levied on his property. When questioned why he had allowed other taxes on his property to be assessed to the Baldwin estate, he replied: "I wasn't interested who it was assessed to."

Parsons further testified that he saw some equipment working some distance from his farm, and, by inquiry among the neighbors, discovered "that was a cleaning out drain project involved in a drain through this area."

Parsons contends that he was not given the notice required by the statute, and, therefore, the commissioner was without jurisdiction to levy the tax in question, and the claimed lien of the State is invalid. The statute (CL 1948, § 266.4 [Stat Ann 1949 Cum Supp § 11.59]) upon which Parsons relies, reads in part as follows:

"The commissioner shall give notice for the receiving of bids for the construction of such drain and also for the holding of a public meeting, at which a

review will be had of the apportionment of benefits made as aforesaid. Such notice shall specify the time and place of receiving bids, and the time and place of the meeting for review of apportionment, which shall be not less than 5 nor more than 30 days after the date set for receiving bids. \* \* \* Provided, That in all cases service shall be had upon all freeholders at least 20 days before the date of review, either personally or by first class mail, sent to the last known address."

The trial judge did not pass upon the question of statutory notice, but found "that objector (Parsons) had actual knowledge of the construction of the drain and the proposed assessment in 1947." He also stated:

"If the tax was invalid, illegal or for any reason void, they had a remedy under the general drain law which he has not pursued. It is my opinion that the rule adopted in the case of *Moore* v. *McIntyre,* 110 Mich 237, should be applied in this instance."

Parsons has appealed from the order dismissing his objection and the decree ordering a sale on a date fixed therein unless the tax is paid prior thereto.

The statute (CL 1948, § 266.11 [Stat Ann § 11.66]) provides for review by certiorari of errors and irregularities in drain proceedings. Jurisdictional questions, however, may be raised in proceedings in equity at any time. See *Township of Lake* v. *Millar,* 257 Mich 135; *Village of Oak Park* v. *Van Wagoner,* 271 Mich 450, 455; *Meyering Land Co.* v. *Spencer,* 273 Mich 703. Parsons stands upon the failure of the drain commissioner to acquire jurisdiction by reason of his noncompliance with the statute just quoted.

It is clear from the testimony that the notice which Parsons received does not satisfy the requirements of the statute, either as to its content or the manner in which it was served upon him.

Where there is just ground for inferring that reasonable diligence would have led the objector to the discovery of the truth, he is chargeable with notice. *Smelsey* v. *Guarantee Finance Corp.*, 310 Mich 674, 684, citing *Oliver* v. *Sanborn,* 60 Mich 346, 354.  In neither direct nor cross-examination do we find any indication of the date upon which Parsons observed the machinery operating or discussed the matter with his neighbors.  And Parsons promptly exercised reasonable diligence when he received the questioned written notice.  He did that which an ordinarily prudent person would do.  He addressed an inquiry to the drain commissioner asking for information and received no reply.

In *Moore* v. *McIntyre,* 110 Mich 237, it was held that Moore was estopped to obtain equitable relief. The Court said in that case:

" 'One who will thus keep silent to the injury of the public and of his neighbors might well be held estopped by his own inaction.  His conduct is opposed to natural justice.  To avoid such loss to the public and injury to individuals, the legislature has aimed to settle finally and forever all questions relating to the establishment of drains, before the distinct branch of construction and taxation should be entered upon.  The purpose is wise and beneficial, and the law should be applied as effectually as possible.' "

Parsons claims that the first time he "had any information, official or unofficial, that his property was to be assessed on the project in question was when he received a notice from the county treasurer covering the delinquent tax for the drain."

No testimony was produced to show that Parsons' subsequent delay in bringing this equitable action caused harm to others.  Hence, the doctrine of *Moore* v. *McIntyre, supra,* is inapplicable.

We are constrained to hold, in the light of the foregoing authorities, that Parsons was not estopped to raise his objections, and that the drain commissioner was without jurisdiction to levy a tax against property owned by the objector.

The instant action is equitable in nature, and it is elementary that one who seeks equity should be required to do equity, even though that question is not raised by either party.

The decree is vacated and one may be entered here setting aside the drain tax upon the property herein described and all interest and other charges based thereon. That decree, however, shall be without prejudice to any proper proceedings that may be taken with respect to apportionment of the benefits to the land in question. Costs to appellant.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, and REID, JJ., concurred with BUSHNELL, J.

SHARPE and BOYLES, JJ., concurred in the result.