Katie WEIGEL, Plaintiff and Appellant,

v.

Emil BAUER and Katherine Bauer,
Defendants and Respondents.

No. 7803.

Supreme Court of North Dakota.

Feb. 12, 1959.

Strutz, Jansonius & Fleck, Bismarck, for appellant.

W. J. Austin, Bismarck, for respondents.

TEIGEN, Judge.

This is an appeal from a judgment dismissing plaintiff's complaint seeking cancellation of a mortgage and decreeing that the mortgage and the promissory note it purports to secure are valid instruments and further decreeing that the mortgage is a valid first mortgage lien on the property described therein. The appellants' asks for trial de novo.

The plaintiff, Katie Weigel, is a widow. The defendant, Katherine Bauer, is her daughter and the defendant, Emil Bauer, her son-in-law. In 1937 the plaintiff and her daughter, who then was single, entered into an agreement whereby each contributed money to purchase a home and a number of vacant lots in Napoleon, North Dakota. The property was purchased and the plaintiff moved into the home and occupied the property. Title to the property, however, was taken in the name of the defendant daughter. In October 1942, the home and some of the lots were sold at a profit. On the same day a smaller home was purchased. The defendant daughter conveyed the property to the purchaser. The plaintiff received the purchase money and paid for the newly purchased property. There was a balance of money left over which the plaintiff retained. Title to the property purchased was also taken in the name of the defendant daughter. The mother moved into and occupied the property purchased. Later the defendant daughter married and in June 1949 the defendant daughter conveyed all of the real property to herself and her husband as joint tenants. The mother continued to occupy the property. In October 1949 the plaintiff mother commenced an action in the district court against the defendants, her daughter and son-in-law, and in her complaint all of the foregoing transactions were alleged in detail and plaintiff asked that it be decreed she be the owner of a one-half interest in and to the property. The parties in that action are the same as in this action. While the former action was pending, both parties having engaged attorneys, the plaintiff went to see a Mr. Heath, a banker employed at the Dakota National Bank of Bismarck, North Dakota, who formerly was in the banking business at Napoleon, North Dakota, and with whom the parties were well acquainted. The plaintiff asked Mr. Heath to act as her agent and representative in making settlement with the defendants. Mr. Heath agreed and a conference between the parties was arranged and held in the presence of Mr. Heath at his bank. The result of the conference was a settlement of the action then pending, and by which settlement the defendants conveyed all of their

interest in the property in question in this action to the plaintiff. The plaintiff paid the defendants some cash and executed and delivered a promissory note and mortgage in question in this lawsuit mortgaging the same property described in the aforementioned conveyance. Immediately following this settlement the attorneys for the respective parties stipulated for the dismissal of the action with prejudice in the following language:

"It is hereby stipulated between the parties by their respective attorneys, that the above entitled action having been compromised the above entitled action is hereby dismissed with prejudice and without costs."

This is the mortgage which the plaintiff now asks to have cancelled, invalidated and annulled on the grounds that the plaintiff's signature thereon appears in the form of a mark when in fact, the plaintiff alleges she could write her name and on the further ground that the witness to the plaintiff's mark did not write the plaintiff's name near the mark, thus they claim contrary to the terms of the statute being Subsection 4 of Section 1-0149, NDRC 1943 which provides:

"4. 'Signature' or 'subscription' shall include 'mark' when the person cannot write, his name being written near it and written by a person who writes his own name as a witness."

It is clear from the evidence and this court finds that the mortgage in question and the note which it purports to secure were executed and delivered by the plaintiff to the defendants as a part of a compromise settlement of litigation then pending, resulting in the complete settlement of the differences between the parties as they then existed. The defendants executed and delivered to the plaintiff a deed to the property. The plaintiff paid the defendants some cash and gave a note and mortgage for the balance agreed upon. The compromise settlement was executed. It is not executory.

The trial court found that the note and mortgage were freely, knowingly and intentionally executed by plaintiff and delivered to the defendants by plaintiff's agent whom she had engaged to act for her in obtaining a settlement and compromise of a lawsuit then pending between the plaintiff and the defendants. This court agrees with this finding. It is amply sustained by the evidence.

The compromise settlement was made by the parties in the presence of the plaintiff's agent but out of the presence of their respective attorneys. However, the attorneys were advised of the settlement, accepted the negotiations of their clients and by stipulation agreed to dismiss the litigation with prejudice. The subject matter of litigation is at all times under exclusive control of the parties and the parties have a right to settle the action independently of their attorneys. Muhlhauser v. Becker, 76 N.D. 402, 37 N.W.2d 352; Hauser v. Security Credit Company, 66 N.D. 399, 266 N.W. 104.

This action was commenced in February 1958. It is not an action for rescission of the compromise settlement under Chapter 9-09, NDRC 1943. Plaintiff only asks that the mortgage be cancelled, invalidated and annulled. No restoration or offer of restoration of anything of value received is made. No demand is made for the cash paid as a part of the settlement. The plaintiff contends the mortgage and note was not a part of the compromise settlement but the evidence is clear and convincing that it was and the trial court and this court have so found.

This action is equitable in nature, Schaff v. Kennelly, N.D., 61 N.W.2d 538; 12 C.J.S. Cancellation of Instruments § 2, · and it is elementary that one who seeks equity should be required to do equity, even though that question is not raised by either party; Petition of Aten, 332 Mich. 77, 50 N.W.2d 721; Wagner v. Stroh, 70 N.D. 323, 294 N.W. 195; 30 C.J.S. Equity § 91, p. 463.

■■ In this case a manifest injustice would result if the mortgage which the plaintiff attacks is cancelled, annulled or invalidated in this suit. If the mortgage in this separate suit is annulled and invalidated the terms of the executed compromise settlement will have been altered. Applying the maxim that "he who seeks equity must do equity," it is held that a court of equity will not cancel, invalidate or annul a mortgage at the suit of the mortgagor, when it is given as a part of a compromise settlement of pending litigation, when the mortgage admittedly is not paid in full and when to do so would vary the provisions of the executed compromise settlement of which it was a part on the technical claim of invalidity of method of affixing signature. Tracy v. Wheeler, 15 N.D. 248, 107 N.W. 68, 6 L.R.A., N.S., 516; Nelson v. Nelson, 58 N.D. 134, 226 N.W. 476; Wagner v. Stroh, 70 N.D. 323, 294 N.W. 195; Henderson v. Blenkiron, 8 Cir., 282 F. 263; 30 C.J.S. Equity § 92; 12 C.J.S. Cancellation of Instruments § 44.

■ Generally, defendants filing no counterclaim in equity suit are not entitled to affirmative relief, unless the plaintiff is bound to do equity as a condition precedent to obtaining equitable relief. The rule is not without its exceptions, but no counterclaim is necessary to the application of the maxim that he who asks equity must do equity. Lau v. Stack, 269 Mich. 396, 257 N.W. 848; 30 C.J.S. Equity § 372.

■ The defendants did not counterclaim and did not ask for affirmative relief. It is ordered that the judgment be modified by striking out the provision stating that the note and mortgage are valid instruments, and that the said mortgage is a first mortgage lien upon said property and as so modified is affirmed.

SATHRE, C. J., and BURKE and MORRIS, JJ., concur.